

**FEDERAL CIVIL RIGHTS ACTION PURSUANT TO TITLE 42 U.S.C. 1983, 1985 AND 1986 & FEDERAL TORT CLAIMS ACT ACTION**

CASE NO. _____ *11-6369(ES)*

---

**PHILIP E. HAHN [Pro Se]**                                    :
**Plaintiff**                                                 :
                                                              :
**Vs.**                                                       :
                                                              :
**THE UNITED STATES DEPARTMENT OF COMMERCE,**                 :
                                                              :
**THE STATE OF NEW JERSEY,**                                  :
                                                              :
**THE SUPREME COURT OF NEW JERSEY,**                          :
Honorable Stuart Rabner,                                      :
Honorable Virginia Long,                                      :
Honorable Jaynee La Vecchia,                                  :
Honorable Barry Albin,                                        :
Honorable John Wallace,                                       :
Honorable Roberto Rivera-Soto,                                :
Honorable Helen Hoens,                                        :
Honorable Edwin H. Stern,                                     :
Honorable Anne Patterson,                                     :
                                                              :
**THE APPELLATE COURT OF NEW JERSEY,**                        :
The Honorable Payne,                                          :
The Honorable Reisner,                                        :
The Honorable Hayden,                                         :
                                                              :
**THE BERGEN SUPERIOR COURT OF NEW JERSEY,**                  :
The Honorable Russello                                        :

---

Philip Hahn
610 Falmouth Avenue
Paramus, NJ 07652
(201) 445-5834

*[stamp: 2011 OCT 31 P 12: 41  US DISTRICT COURT]*

P8003226169x6391@aol.com Call or Email

FEDERAL CIVIL RIGHTS ACTION PURSUANT TO TITLE 42 U.S.C. 1983, 1985 AND 1986 & FEDERAL TORT CLAIMS ACT ACTION

CASE NO._____

---

PHILIP E. HAHN [Pro Se]
Plaintiff

Vs.

BERGEN REGIONAL MEDICAL CENTER,

THE BOROUGH OF PARAMUS,
Paramus Police Department,

THE BOROUGH OF TENAFLY,
Tenafly Police Department,

CARE PLUS,
Mr. M Lider,

BRISTOL MYERS SQUIBB,

OTSUKA PHARMACEUTICAL,

JOHNSON AND JOHNSON,

ORTHO MCNEIL PHARMACEUTICALS,

PFIZER,

---

Philip Hahn
610 Falmouth Avenue
Paramus, NJ 07652
(201) 445-5834

P8003226169x6391@aol.com Call or Email

3

**FEDERAL CIVIL RIGHTS ACTION PURSUANT TO TITLE 42 U.S.C. 1983, 1985 AND 1986 & FEDERAL TORT CLAIMS ACT ACTION**

CASE NO. _____

---

| |  |
|---|---|
| **PHILIP E. HAHN [Pro Se]**<br>**Plaintiff** | : |
| | : |
| **Vs.** | : |
| | : |
| **DRINKER, BIDDLE AND REATH,**<br>Michael Zogby, | : |
| | : |
| **MCCARTER AND ENGLISH,**<br>Mr. Kott,<br>Sara F. Merin, | : |
| | : |
| **WINSTON AND STRAWN,**<br>Mr. Richter,<br>Melissa Steedle Bogat,<br>Patrizia Warhaffigi , | : |
| | : |
| **GIBLIN & GIBLIN ,**<br>Brian Giblin, | : |
| | : |
| **JOHN E. TENHOEVE ,**<br>John E. Tenhoeve, | : |
| | : |
| **THOMAS B. HANRAHAN,**<br>Thomas B. Hanrahan, | : |
| | : |
| **AHMUTY, DEMERS AND MCMANUS,**<br>Sam Goffinet, | : |
| | : |
| **GEBHARDT AND KIEFER,**<br>William Rudnick, | : |

---

Philip Hahn
610 Falmouth Avenue
Paramus, NJ 07652
(201) 445-5834

P8003226169x6391@aol.com Call or Email

3

**FEDERAL CIVIL RIGHTS CLAIM AND CLAIM VIA FEDERAL TORT CLAIMS ACT**

**PLAINTIFF'S INFORMATION**

The complaint of the plaintiff, Philip Hahn, respectfully shows and alleges as follows:

1. All matters contained herein are transactionally related via an ongoing conspiracy to deny the plaintiff his rights, as established by the Constitution of the United States and the Constitution of the State of New Jersey, and to deny him the privileges as afforded by the United States Department of Commerce by the parties, and employees thereof, mentioned herein the complaint, in order to cause him economic harm in the amounts listed in the complaint.

2. The plaintiff herein, Philip Hahn, is a citizen of the United States of America.

3. Mr. Hahn resides at 610 Falmouth Avenue, Paramus, New Jersey

**DEFENDANT'S INFORMATION**

1. The defendant herein, The United States Department of Commerce, has a principal place of business located at the United States Department of Commerce, Economics and Statistics Administration, U.S. Census Bureau, Washington, DC 20233-0001;

2. The defendant herein, The State of New Jersey has a principal place of business in Trenton, New Jersey.

3. The defendant herein, The Supreme Court of New Jersey has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

4. The defendant herein, The Appellate Court of New Jersey has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

5. The defendant herein, The Bergen County Superior Court of New Jersey has a principal place of business in Hackensack, New Jersey.

6. The defendant herein, Stuart Rabner has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

7. The defendant herein, Virginia Long has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

8. The defendant herein, Jaynee La Vecchia has a principal place of business at the North Tower, Suite 1101, 158 Headquarters Plaza, Morristown, New Jersey.

9. The defendant herein, Barry Albin has a principal place of business at 50 Division Street, Suite 201, Somerville, New Jersey.

10. The defendant herein, John Wallace has a principal place of business at 6 N. Broad Street, Suite 200, Woodbury, New Jersey.

11. The defendant herein, Roberto Rivera-Soto has a principal place of business at the Ferry Terminal Bldg., Suite 330, Two Aquarium Drive, Camden, New Jersey.

12. The defendant herein, Helen Hoens has a principal place of business at 92E. Main Street, Suite 404, Somerville, New Jersey.

13. The defendant herein, Edwin H. Stern has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

14. The defendant herein, Anne Patterson has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

15. The defendant herein, the Honorable Payne has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

16. The defendant herein, the Honorable Reisner has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

17. The defendant herein, the Honorable Hayden has a principal place of business at the Richard J. Hughes Justice Complex, Trenton, New Jersey.

18. The defendant the Honorable Russello has a principal place of business in the Bergen County Court House, Hackensack, New Jersey.

19. The defendant herein, Drinker, Biddle and Reath, has a principal place of business located at 500 Campus Drive, Florham Park, NJ 07932;

20. The defendant herein, Giblin & Giblin, has a principal place of business located at 2 Forest Avenue, Suite 200, Oradell, NJ 07649;

21. The defendant herein, John E. Tenhoeve, has a principal place of business located at 3 University Plaza, Suite 17, Hackensack, NJ 07601;

22. The defendant herein, Thomas B. Hanrahan, has a principal place of business located at 80 Grand Avenue, Suite 2, River Edge, NJ 07661;

23. The defendant herein, Winston and Strawn, has a principal place of business located at 1 River Front Plaza, Suite 730, Newark, NJ 07102-5401;

24. The defendant herein, Ahmuty, Demers and McManus, has a principal place of business located at 65 Madison Avenue, Suite 100, Morristown, NJ 07960;

25. The defendant herein, McCarter and English, has a principal place of business located at 4 Gateway Center, 100 Mulberry Street, Newark, NJ 07101;

26. The defendant herein, Gebhardt and Kiefer, has a principal place of business located at 1318 Route 31, POB 4001, Clinton, NJ 08809-4001;

27. The defendant herein, William Rudnick, has a principal place of business located at Gebhardt and Kiefer located at 1318 Route 31, POB 4001, Clinton, NJ 08809-4001;

28. The defendant herein, Mr. Kott, has a principal place of business located at McCarter and English, 4 Gateway Center, 100 Mulberry Street, Newark, NJ 07101;

29. The defendant herein, Mr. Richter, has a principal place of business located at Winston and Strawn, 1 River Front Plaza, Suite 730, Newark, NJ 07102-5401;

30. The defendant herein, Sam Goffinet, has a principal place of business located at Ahmuty, Demers and McManus, located at 65 Madison Avenue, Suite 100, Morristown, NJ 07960;
31. The defendant herein, Michael Zogby, has a principal place of business located at Drinker, Biddle and Reath, 500 Campus Drive, Florham Park, NJ 07932;
32. The defendant herein, Brian Giblin, has a principal place of business located at Giblin & Giblin, 2 Forest Avenue, Suite 200, Oradell, NJ 07649;
33. The defendant herein, Melissa Steedle Bogat, has a principal place of business located at Winston and Strawn, 1 River Front Plaza, Suite 730, Newark, NJ 07102-5401;
34. The defendant herein, Patrizia Warhaffigi, has a principal place of business located at Winston and Strawn, 1 River Front Plaza, Suite 730, Newark, NJ 07102-5401;
35. The defendant herein, Ruby Kumar-Thompson, has a principal place of business located at Gebhardt and Kiefer, 1318 Route 31, POB 4001, Clinton, NJ 08809-4001;
36. The defendant herein, Sara F. Merin, has a principal place of business located at McCarter and English, 4 Gateway Center, 100 Mulberry Street, Newark, NJ 07101;
37. The defendant herein, Care Plus has a principal place of business in Paramus, New Jersey;
38. The defendant herein, The Bergen Regional Medical Center has a principal place of business located at 230 Farview Avenue, Paramus, New Jersey;
39. The defendant herein, Johnson and Johnson has a principal place of business located at Camp Hill Road, Fort Washington, PA 19048;
40. The defendant herein, Ortho McNeil Jassen Pharmaceuticals has a principal place of business located at 1125 Trenton-Harbourton Road, Titusville, NJ;
41. The defendant herein, Pfizer has a principal place of business located at 235 E. 42nd Street, New York, NY 10017
42. The defendant herein, Bristol Myers Squibb has a principal place of business located at 100 Nassau Park Blvd, Princeton, NJ;
43. The defendant herein, Otsuka Pharmaceuticals has a principal place of business located at  2440 Research Blvd., Rockville, MD 20852;
44. The defendant herein, The Paramus Police Department (municipal) has a principal place of business located at 7 Jockish Square, Paramus, NJ;
45. The defendant herein, The Tenafly Police Department (municipal) has a principal place of business located in Tenafly, New Jersey.

46. The defendant herein, The Borough of Paramus (municipal) has a principal place of business located at 7 Jockish Square, Paramus, NJ;

47. The defendant herein, The Borough Tenafly (municipal) has a principal place of business located in Tenafly, New Jersey.

**ACTION VIA FEDERAL TORT CLAIMS ACT VIA DENIAL CENSUS BUREAU
EMPLOYMENT IN THE SPRING OF 2010**

1. The defendant, United States Department of Commerce, did
   become liable to the plaintiff when the plaintiff was
   denied employment via the defendant's employees' negligence
   in finding that the plaintiff had been convicted of a crime
   and therefore denying him employment when in fact he was
   not convicted of a crime.

**CIVIL RIGHTS COMPLAINT**

1. This is a civil rights complaint for declaratory, injunctive, legal and other appropriate relief brought by Plaintiff, Philip E. Hahn, a United States citizen, appearing pro se.  Mr. Hahn brings this complaint for violations of his individual and associational rights under the Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution in violation of title 42 U.S.C. sections 1983, 1985 and 1986.

2. This court has jurisdiction pursuant to title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986.

CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS VIA THE LEGAL
    PROCEEDINGS ASSOCIATED WITH ACTIONS PLED VIA BER-L-3935-09
    & A-738-10

CIVIL RIGHTS ACTIONS VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF
    THE COURTS OF NEW JERSEY

1. **Via the persistent maladministration of the judges named
   herein and all of the lawyers named herein the members of
   the Supreme Court of New Jersey did deny the plaintiff his
   right to trial by jury. Any 11th amendment immunity was
   waived via the passage of the Tort Claims Act.**

2. The defendant, the State of New Jersey did deny the
   plaintiff his civil rights via the maladministration of the
   affairs of the Courts of New Jersey. Any 11th amendment
   immunity was waived via the passage of the Tort Claims Act.

3. The defendant, the Supreme Court of New Jersey did deny the
   plaintiff his civil rights via the maladministration of the
   affairs of the Courts of New Jersey and the plaintiff was
   denied his right to trial by jury as a result. Any 11th
   amendment immunity was waived via the passage of the Tort
   Claims Act.

4. The defendant, Stuart Rabner did deny the plaintiff his
   civil rights when he adopted the Rules of the Court of New
   Jersey and the Rules of the Court of New Jersey were then
   used to deny the plaintiff due process and the right to
   trial by jury. Any 11th amendment immunity was waived via
   the passage of the Tort Claims Act.

5. The defendant, Stuart Rabner did deny the plaintiff his
   civil rights via the maladministration of the affairs of
   the Courts of New Jersey and the plaintiff was denied his
   right to trial by jury as a result. Any 11th amendment
   immunity was waived via the passage of the Tort Claims Act.

6. The defendant Virginia Long did deny the plaintiff his
   civil rights when she adopted the Rules of the Court of New
   Jersey and the Rules of the Court of New Jersey were then
   used to deny the plaintiff due process and the right to
   trial by jury. Any 11th amendment immunity was waived via
   the passage of the Tort Claims Act.

7. The defendant, Virginia Long did deny the plaintiff his
   civil rights via the maladministration of the affairs of

the Courts of New Jersey and the plaintiff was denied his right to trial by jury as a result. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

8. The defendant Jaynee La Vecchia did deny the plaintiff his civil rights when she adopted the Rules of the Court of New Jersey and the Rules of the Court of New Jersey were then used to deny the plaintiff due process and the right to trial by jury. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

9. The defendant, Jaynee La Vecchia did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey and the plaintiff was denied his right to trial by jury as a result. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

10. The defendant Barry Albin did deny the plaintiff his civil rights when he adopted the Rules of the Court of New Jersey and the Rules of the Court of New Jersey were then used to deny the plaintiff due process and the right to trial by jury. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

11. The defendant, Barry Albin did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey and the plaintiff was denied his right to trial by jury as a result. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

12. The defendant John Wallace did deny the plaintiff his civil rights when he adopted the Rules of the Court of New Jersey and the Rules of the Court of New Jersey were then used to deny the plaintiff due process and the right to trial by jury. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

13. The defendant, John Wallace did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey and the plaintiff was denied his right to trial by jury as a result. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

14. The defendant Roberto Rivera-Soto did deny the plaintiff his civil rights when he adopted the Rules of the Court of New Jersey and the Rules of the Court of New Jersey were then used to deny the plaintiff due process and the right

to trial by jury. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

15. The defendant, Roberto Rivera-Soto did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey and the plaintiff was denied his right to trial by jury as a result. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

16. The defendant Helen Hoens did deny the plaintiff his civil rights when she adopted the Rules of the Court of New Jersey and the Rules of the Court of New Jersey were then used to deny the plaintiff due process and the right to trial by jury. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

17. The defendant, Helen Hoens did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey and the plaintiff was denied his right to trial by jury as a result. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

18. The defendant Edwin H. Stern did deny the plaintiff his civil rights when he adopted the Rules of the Court of New Jersey and the Rules of the Court of New Jersey were then used to deny the plaintiff due process and the right to trial by jury. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

19. The defendant, Edwin H. Stern did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey and the plaintiff was denied his right to trial by jury as a result. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

20. The defendant Anne Patterson did deny the plaintiff his civil rights when she adopted the Rules of the Court of New Jersey and the Rules of the Court of New Jersey were then used to deny the plaintiff due process and the right to trial by jury and the plaintiff was denied his right to trial by jury as a result. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

21. The defendant, Anne Patterson did deny the plaintiff his civil rights via the maladministration of the affairs of the Courts of New Jersey. Any 11th amendment immunity was waived via the passage of the Tort Claims Act.

22. The defendant the Appellate Court of New Jersey did become liable via a Title 42 U.S.C. sections 1983, 1985 and 1986 action when judges Payne, Reisner and Hayden, that presided over the plaintiff's appeal (A-738-10), did fail to grant the appeal of the decision of the Bergen Superior Court with regard to Docket BER-L-3935-09. The plaintiff complains that the meritorious appeal was denied as a result of the continuing maladministration of the judges by the appellate court as they were unaware that an Appellate Court judge or Superior Court judge cannot deny a properly demanded jury trial.

23. The defendant the Appellate Court of New Jersey did become liable via a Title 42 U.S.C. sections 1983, 1985 and 1986 when judges Payne, Reisner and Hayden, that presided over the plaintiff's appeal (A-738-10), did fail to insure that the plaintiff was given a jury trial. The plaintiff alleges that the appellate court willfully turned a blind eye to the judges' incompetence in violation of custom to have competent judges preside over the appellate court.

24. The defendant, the Bergen County Superior Court, did become liable via a Title 42 U.S.C. sections 1983, 1985 and 1986 civil rights action when the employee the Honorable Russello did deny the plaintiff his right to a trial by jury as guaranteed by the United States Constitution in the matters of BER-L-3935-09 and A-738-10 via the persistent maladministration of the court. The Bergen County Superior Court did wave any 11th amendment immunity via the passage of the Tort Claims Act.

25. The defendant the Honorable Russello did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matters pled via BER-L-3935-09 in violation of her oath of office per N.J.S.A. 41:1-1.

26. The defendant the Honorable Payne did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the

matter of A-738-10 in violation of her oath of office per
N.J.S.A. 41:1-1.

27. The defendant the Honorable Reisner did become liable to
the plaintiff when she did deny the plaintiff his right to
a trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when she failed to direct that a jury trial commence in the
matter of A-738-10 in violation of her oath of office per
N.J.S.A. 41:1-1.

28. The defendant the Honorable Hayden did become liable to
the plaintiff when she did deny the plaintiff his right to
a trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when he failed to direct that a jury trial commence in the
matter of A-738-10 in violation of his oath of office per
N.J.S.A. 41:1-1.

29. The defendant the Honorable Russello did become liable to
the plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when he failed to direct that a jury trial commence in all
the matters pled via BER-L-3935-09.

30. The defendant the Honorable Russello did become liable to
the plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by Article 1 Paragraph 9 of the
New Jersey Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when he failed to direct that a jury trial commence in the
matter of BER-L-3935-09.

31. The defendant the Honorable Russello did become liable to
the plaintiff when he did deny the plaintiff his right to a
trial by jury as was the custom via the Rules of the Court
of New Jersey R.4:35-1 via the violation of Title 42 U.S.C.
1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he
failed to direct that a jury trial commence in the matter
of BER-L-3935-09.

32. The defendant the Honorable Russello did become liable to
the plaintiff when he did deny the plaintiff his right to a

trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-L-3935-09 as per the case law established by *500 Columbia Turnpike Associates v. Haselmann*, 275 N.J. Super. 166 (App. Div. 1994).

33. The defendant the Honorable Russello did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of BER-L-3935-09 per R. 4:35-1 and R. 4:5-2 of the Rules of the Courts of New Jersey.

34. The defendant the Honorable Russello did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of BER-L-3935-09.

35. The defendant the Honorable Russello did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed honor his oath of office via Article VI clause 3 when he failed to direct that a jury trial commence in the matter of BER-L-3935-09.

36. The defendant the Honorable Russello did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

37. The defendant the Honorable Russello did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action BER-L-

3935-09 without due process of law and allowed said fee to be used for public use without just compensation in violation of the 5th amendment to the United States Constitution.

38. The defendant the Honorable Russello did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he dismissed all actions pled via BER-L-3935-09 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

39. The defendant the Honorable Russello did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he dismissed all actions pled via BER-L-3935-09 for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

40. The defendant the Honorable Russello did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he dismissed action BER-L-3935-09 in spite of the fact the Products Liability Act allowed for recovery from Bristol-Myers Squibb, Otsuka Pharmaceutical, Johnson and Johnson, Ortho McNeil Jassen Pharmaceuticals and Pfizer in violation of the provisions of the 10th amendment to the United States Constitution.

41. The defendant the Honorable Russello did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action BER-L-3935-09 without due process of law in violation of the 14th amendment to the United States Constitution.\

42. The defendant the Honorable Russello did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of BER-L-3935-09.

43. The defendant the Honorable Payne did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10.

44. The defendant the Honorable Payne did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10.

45. The defendant the Honorable Payne did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.:4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10.

46. The defendant the Honorable Payne did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10.

47. The defendant the Honorable Payne did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10.

48. The defendant the Honorable Payne did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United

States Constitution when she failed honor her oath of office via Article VI clause 3 when she failed to direct that a jury trial commence in the matter of A-738-10.

49. The defendant the Honorable Payne did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 without due process of law in violation of the 5th amendment to the United States Constitution.

50. The defendant the Honorable Payne did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 without due process of law and allowed said fee to be used for public use without just compensation in violation of the 5th amendment to the United States Constitution.

51. The defendant the Honorable Payne did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

52. The defendant the Honorable Payne did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

53. The defendant the Honorable Payne did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 in spite of the fact the Products Liability Act allowed for recovery from Bristol-Myers Squibb, Otsuka Pharmaceutical, Johnson and Johnson, Ortho McNeil Jassen Pharmaceuticals and Pfizer in violation of the provisions of the 10th amendment to the United States Constitution.

54. The defendant the Honorable Payne did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 without

due process of law in violation of the 14th amendment to the United States Constitution.

55. The defendant the Honorable Payne did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10.

56. The defendant the Honorable Reisner did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10.

57. The defendant the Honorable Reisner did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10.

58. The defendant the Honorable Reisner did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10.

59. The defendant the Honorable Reisner did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 as was the custom as established via R. 4:5-2 and R. 4:35-1 of the Rules of the Courts of New Jersey.

60. The defendant the Honorable Reisner did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10.

61. The defendant the Honorable Reisner did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed honor her oath of office via Article VI clause 3 when she failed to direct that a jury trial commence in the matter of A-738-10.

62. The defendant the Honorable Reisner did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 without due process of law in violation of the 5th amendment to the United States Constitution.

63. The defendant the Honorable Reisner did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 without due process of law and allowed said fee to be used for public use without just compensation in violation of the 5th amendment to the United States Constitution.

64. The defendant the Honorable Reisner did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

65. The defendant the Honorable Reisner did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 for the failure to file an affidavit of merit in violation of the rights retained by

the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

66. The defendant the Honorable Reisner did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 in spite of the fact the Products Liability Act allowed for recovery from Bristol-Myers Squibb, Otsuka Pharmaceutical, Johnson and Johnson, Ortho McNeil Jassen Pharmaceuticals and Pfizer in violation of the provisions of the 10th amendment to the United States Constitution.

67. The defendant the Honorable Reisner did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 without due process of law in violation of the 14th amendment to the United States Constitution.

68. The defendant the Honorable Reisner did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10.

69. The defendant the Honorable Hayden did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10.

70. The defendant the Honorable Hayden did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10.

71. The defendant the Honorable Hayden did become liable to the plaintiff when she did deny the plaintiff his right to

a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10.

72. The defendant the Honorable Hayden did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 as was the custom via R.4:5-2 and R. 4:35-1 of the Rules of the Courts of New Jersey.

73. The defendant the Honorable Hayden did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10.

74. The defendant the Honorable Hayden did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed honor her oath of office via Article VI clause 3 when she failed to direct that a jury trial commence in the matter of A-738-10.

75. The defendant the Honorable Hayden did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 without due process of law in violation of the 5th amendment to the United States Constitution.

76. The defendant the Honorable Hayden did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 without due process of law and allowed said fee to be used

for public use without just compensation in violation of the 5th amendment to the United States Constitution.

77. The defendant the Honorable Hayden did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

78. The defendant the Honorable Hayden did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

79. The defendant the Honorable Hayden did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he dismissed action A-738-10 in spite of the fact the Products Liability Act allowed for recovery from Bristol-Myers Squibb, Otsuka Pharmaceutical, Johnson and Johnson, Ortho McNeil Jassen Pharmaceuticals and Pfizer in violation of the provisions of the 10th amendment to the United States Constitution.

80. The defendant the Honorable Hayden did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 without due process of law in violation of the 14th amendment to the United States Constitution.

81. The defendant the Honorable Hayden did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY BRISTOL-MYERS SQUIBB

82. Via the callous and deliberate disregard for the provisions of the Products Liability Act of New Jersey via N.J.S.A. 2A:58c-1 thru N.J.S.A. 2A:58c-4 the defendant, Bristol-Myers Squibb did release the product Abilify that the plaintiff had forced upon him in March of 2008 and therefore became liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986 to the plaintiff.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY OTSUKA PHARMACEUTICALS AMERICA**

83. Via the callous and deliberate disregard for the provisions of the Products Liability Act of New Jersey via N.J.S.A. 2A:58c-1 thru N.J.S.A. 2A:58c-4 the defendant, Otsuka Pharmaceuticals America did release the product Abilify that the plaintiff had forced upon him in March of 2008 and therefore became liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986 to the plaintiff.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY JOHNSON & JOHNSON**

84. Via the callous and deliberate disregard for the
provisions of the Products Liability Act of New Jersey via
N.J.S.A. 2A:58c-1 thru N.J.S.A. 2A:58c-4 the defendant,
Johnson & Johnson, did release the product Haldol that the
plaintiff had forced upon him in March of 2008 and
therefore became liable via title 42 U.S.C. 1983, title 42
U.S.C. 1985 and title 42 U.S.C. 1986 to the plaintiff.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY ORTHO MCNEIL JASSEN PHARMACEUTICALS**

85. Via the callous and deliberate disregard for the provisions of the Products Liability Act of New Jersey via N.J.S.A. 2A:58c-1 thru N.J.S.A. 2A:58c-4 the defendant, Ortho McNeil Jassen Pharmaceuticals did release the product Haldol that the plaintiff had forced upon him in March of 2008 and therefore became liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986 to the plaintiff.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY PFIZER**

86. Via the callous and deliberate disregard for the
provisions of the Products Liability Act of New Jersey via
N.J.S.A. 2A:58c-1 thru N.J.S.A. 2A:58c-4 the defendant,
Pfizer did release the product Benadryl that the plaintiff
had forced upon him in March of 2008 and therefore became
liable via title 42 U.S.C. 1983, title 42 U.S.C. 1985 and
title 42 U.S.C. 1986 to the plaintiff.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE CARE PLUS ORGANIZATION**

1. The defendant herein, **CARE PLUS** did become liable to the plaintiff via a title 42 U.S.C. 1983, a title 42 U.S.C. 1985 and a title 42 U.S.C. 1986 civil rights action when the employee **M. Lider** did falsely imprison the plaintiff on March 7, 2008 via the failure to properly train employee **M. Lider.** It is customary to send qualified individuals to conduct mental health evaluations. It is alleged that **M. Lider** was incompetent.

2. The defendant herein, **M. Lider** did become liable via a title 42 U.S.C. 1983, a title 42 U.S.C. 1985 and a title 42 U.S.C. 1986 action by falsely imprisoning the plaintiff on March 7, 2008 via violation of the defendants 5th & 14th Amendment rights.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE PARAMUS POLICE DEPARTMENT

3. The defendant herein, the **PARAMUS POLICE DEPARTMENT** did become liable via a title 42 U.S.C. 1983, a title 42 U.S.C. 1985 and a title 42 U.S.C. 1986 civil rights action when the department's employees did falsely imprison the plaintiff on March 7, 2008.  Via the **POLICE DEPARTMENT'S** failure to properly train the offending officers, the **PARAMUS POLICE DEPARTMENT** denied the plaintiff the custom of having properly trained police officers with regard to knowledge of the law attend to him on March 7, 2008.

4. The defendant herein, the **BOROUGH OF PARAMUS**, did become liable via a title 42 U.S.C. 1983, a title 42 U.S.C. 1985 and a title 42 U.S.C. 1986 civil rights action when members of the Paramus Police Department did falsely imprison the plaintiff on March 7, 2008. Via the **BOROUGH OF PARAMUS'** failure to properly train the offending officers **BOROUGH OF PARAMUS** denied the plaintiff the customary properly trained police officers with regard to knowledge of the law.

5. The defendant herein, the **BOROUGH OF PARAMUS**, did become liable via a title 42 U.S.C. 1983, a title 42 U.S.C. 1985 and a title 42 U.S.C. 1986 civil rights action when members of the **PARAMUS POLICE DEPARTMENT** did falsely imprison the plaintiff on March 7, 2008 as punishment in violation of his Constitutional rights as established by the 8th amendment to the United States Constitution. Via the **POLICE DEPARTMENT'S** failure to properly train the offending officers, the **BOROUGH OF PARAMUS** denied the plaintiff the custom of having properly trained police officers with regard to knowledge of the law attend to him on March 7, 2008.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE TENAFLY POLICE DEPARTMENT

6. The defendant herein, the **TENAFLY POLICE DEPARTMENT** did become liable via a via a title 42 U.S.C. 1983, a title 42 U.S.C. 1985 and a title 42 U.S.C. 1986 civil rights action when the department's employees did falsely imprison the plaintiff on March 7, 2008.  Via the **TENAFLY POLICE DEPARTMENT'S** failure to properly train the offending officers, the **TENAFLY POLICE DEPARTMENT** denied the plaintiff the custom of having properly trained police officers with regard to knowledge of the law attend to him on March 7, 2008.

7. The defendant herein, the **BOROUGH OF TENAFLY**, did become liable via a title 42 U.S.C. 1983, a title 42 U.S.C. 1985 and a title 42 U.S.C. 1986 civil rights action when members of the **TENAFLY POLICE DEPARTMENT** did falsely imprison the plaintiff on March 7, 2008. Via the ˋfailure to properly train the offending officers the **BOROUGH OF TENAFLY** denied the plaintiff the customary properly trained police officers with regard to knowledge of the law.

8. The defendant herein, the **BOROUGH OF TENAFLY**, did become liable via a title 42 U.S.C. 1983, a title 42 U.S.C. 1985 and a title 42 U.S.C. 1986 civil rights action when members of the **TENAFLY POLICE DEPARTMENT** did falsely imprison the plaintiff on March 7, 2008 as punishment in violation of his Constitutional rights as established by the 8th amendment to the United States Constitution.  Via the **TENAFLY POLICE DEPARTMENT'S** failure to properly train the offending officers, the **BOROUGH OF TENAFLY** denied the plaintiff the custom of having properly trained police officers with regard to knowledge of the law attend to him on March 7, 2008.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF DRINKER, BIDDLE AND REATH**

9. **DRINKER, BIDDLE AND REATH** did become liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when the company allowed incompetent attorneys to argue in the Bergen Superior Court and Appellate Court of New Jersey causing the plaintiff to subsequently be denied his right to trial by jury in the matters of BER-L-3935-09 and A-738-10. It is customary to have competent attorneys argue on the floor of the Appellate Court of New Jersey and the floor of the Bergen Superior Court.

10. The defendant **Michael Zogby** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matters of BER-L-3935-09 and A-738-10 in violation of his oath of office per N.J.S.A. 2A:13-1.

11. **Michael Zogby** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

12. The defendant **Michael Zogby** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

13. The defendant **Michael Zogby** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

14. The defendant **Michael Zogby** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

15. The defendant **Michael Zogby** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

16. The defendant **Michael Zogby** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

17. The defendant **Michael Zogby** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed honor his oath of office via Article VI clause 3 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

18. The defendant **Michael Zogby** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

19. The defendant **Michael Zogby** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he dismissed action A-738-10 and BER-L-3935-09 in an effort to punish

plaintiff in violation of the 8th amendment to the United States Constitution.

20. The defendant **Michael Zogby** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

21. The defendant **Michael Zogby** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed in spite of the fact the Products Liability Act allowed for recovery from Johnson and Johnson, Ortho McNeil Jassen Pharmaceuticals and Pfizer in violation of the provisions of the 10th amendment to the United States Constitution.

22. The defendant **Michael Zogby** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 14th amendment to the United States Constitution.

23. The defendant **Michael Zogby** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF McCARTER AND ENGLISH**

87. **McCARTER AND ENGLISH** did become liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when the company allowed incompetent attorneys to argue in the Bergen Superior Court and Appellate Court of New Jersey causing the plaintiff to subsequently be denied his right to trial by jury in the matters of BER-L-3935-09 and A-738-10. It is customary to have competent attorneys argue on the floor of the Appellate Court of New Jersey and the floor of the Bergen Superior Court.

88. The defendant **Sara F. Merin** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matters of BER-L-3935-09 and A-738-10 in violation of her oath of office per N.J.S.A. 2A:13-1. The plaintiff was due a jury trial.

89. The defendant the **David Kott** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matters of BER-L-3935-09 and A-738-10 in violation of his oath of office per N.J.S.A. 2A:13-1. The plaintiff was due a jury trial.

90. **Sara F. Merin** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

91. The defendant **Sara F. Merin** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986

when she failed to direct that a jury trial commence in the matters of A-738-10 and BER-L-3935-09.

92. The defendant **Sara F. Merin** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matters of A-738-10 and BER-L-3935-09.

93. The defendant **Sara F. Merin** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matters of A-738-10 and BER-L-3935-09.

94. The defendant **Sara F. Merin** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury with regard unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matters of A-738-10 and BER-L-3935-09.

95. The defendant **Sara F. Merin** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matters of A-738-10 and BER-L-3935-09.

96. The defendant **Sara F. Merin** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed honor her oath of office via Article VI clause 3 when she failed to direct that a jury trial commence in the matters of A-738-10 and BER-L-3935-09.

97. The defendant **Sara F. Merin** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

98. The defendant **Sara F. Merin** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 and BER-L-3935-09 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

99. The defendant **Sara F. Merin** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 and BER-L-3935-09 for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

100. The defendant **Sara F. Merin** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 and BER-L-3935-09 in spite of the fact the Products Liability Act allowed for recovery from Bristol-Myers Squibb in violation of the provisions of the 10th amendment to the United States Constitution.

101. The defendant **Sara F. Merin** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 14th amendment to the United States Constitution.

102. The defendant **Sara F. Merin** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

103. **David Kott** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

104. The defendant **David Kott** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matters of A-738-10 and BER-L-3935-09.

105. The defendant **David Kott** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matters of A-738-10 and BER-L-3935-09.

106. The defendant **David Kott** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

107. The defendant **David Kott** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

108. The defendant **David Kott** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury

trial commence in the matters of A-738-10 and BER-L-3935-09.

109. The defendant **David Kott** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed honor his oath of office via Article VI clause 3 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

110. The defendant **David Kott** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

111. The defendant **David Kott** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he dismissed action A-738-10 and BER-L-3935-09 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

112. The defendant **David Kott** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

113. The defendant **David Kott** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed in spite of the fact the Products Liability Act allowed for recovery from Bristol-Myers Squibb in violation of the provisions of the 10th amendment to the United States Constitution.

114. The defendant **David Kott** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived

the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 14th amendment to the United States Constitution.

115. The defendant **David Kott** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF WINSTON AND STRAWN

116. **WINSTON AND STRAWN** did become liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when the company allowed incompetent attorneys to argue in the Bergen Superior Court and Appellate Court of New Jersey causing the plaintiff to subsequently be denied his right to trial by jury in the matters of BER-L-3935-09 and A-738-10.  It is customary to have competent attorneys argue on the floor of the Appellate Court of New Jersey and the floor of the Bergen Superior Court.

117. The defendant **Mr. Richter** did become liable via a Title 42 U.S.C. 1983 civil rights action when he did seek to motion the Superior Court of Bergen County to dismiss action versus Otsuka Pharmaceutical America in action pled via BER-3935-09 and thereby denied the plaintiff his right to trial by jury as guaranteed by the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

118. The defendant the **Mr. Richter** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-L-3935-09 and A-738-10 in violation of his oath of office per N.J.S.A. 2A:13-1.

119. **Mr. Richter** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury.  This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

120. The defendant **Mr. Richter** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

121. The defendant **Mr. Richter** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

122. The defendant **Mr. Richter** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

123. The defendant **Mr. Richter** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09 as wasx the custom via R. 4:5-2 and R. 4:35-1 of the Rules of the Courts of New Jersey.

124. The defendant **Mr. Richter** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

125. The defendant **Mr. Richter** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed honor his oath of office via Article VI clause 3 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

126. The defendant **Mr. Richter** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

127. The defendant **Mr. Richter** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he dismissed action A-738-10 and BER-L-3935-09 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

128. The defendant **Mr. Richter** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

129. The defendant **Mr. Richter** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed in spite of the fact the Products Liability Act allowed for recovery from Otsuka Pharmaceutical America in violation of the provisions of the 10th amendment to the United States Constitution.

130. The defendant **Mr. Richter** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 14th amendment to the United States Constitution.

131. The defendant **Mr. Richter** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

132. **Patrizia Warhaffigi** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

133. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

134. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

135. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

136. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

137. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United

States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

138. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed honor her oath of office via Article VI clause 3 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

139. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

140. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 and BER-L-3935-09 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

141. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she had action A-738-10 and BER-L-3935-09 dismissed for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

142. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she had action A-738-10 and BER-L-3935-09 dismissed in spite of the fact the Products Liability Act allowed for recovery from Otsuka Pharmaceutical America, in violation of the provisions of the 10th amendment to the United States Constitution.

143. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983,

Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 14th amendment to the United States Constitution.

144. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

145. **Patrizia Warhaffigi** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury.  This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States and she became liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

146. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

147. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

148. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

P8003226169x6391@aol.com Call or Email

149. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

150. The defendant **Patrizia Warhaffigi** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

151. **Melissa Steedle Bogat** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury.  This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

152. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

153. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

154. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986

when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

155. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

156. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

157. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed honor her oath of office via Article VI clause 3 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

158. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

159. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she dismissed action A-738-10 and BER-L-3935-09 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

160. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983,

Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she had action A-738-10 and BER-L-3935-09 dismissed for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

161. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she had action A-738-10 and BER-L-3935-09 dismissed in spite of the fact the Products Liability Act allowed for recovery from Otsuka Pharmaceutical America in violation of the provisions of the 10th amendment to the United States Constitution.

162. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 14th amendment to the United States Constitution.

163. The defendant **Melissa Steedle Bogat** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.
164.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF
AHMUTY, DEMERS AND MCMANUS**

165. **AHMUTY, DEMERS AND MCMANUS** did become liable via the
violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and
Title 42 U.S.C. 1986 when the company allowed incompetent
attorneys to argue in the Bergen Superior Court and
Appellate Court of New Jersey causing the plaintiff to
subsequently be denied his right to trial by jury in the
matters of BER-L-3935-09 and A-738-10.  It is customary to
have competent attorneys argue on the floor of the
Appellate Court of New Jersey and the floor of the Bergen
Superior Court.

166. The defendant **Samuel Goffinet** did become liable via a
Title 42 U.S.C. 1983 civil rights action when he did seek
motion for summary judgment via the abuse of process when
he moved for summary judgment with the full knowledge
motion for summary judgment should not have been granted as
the plaintiff is due a jury trial.  As a result the
defendant is liable via Title 42 U.S.C. 1983, Title 42
U.S.C. 1985 and Title 42 U.S.C. 1986.

167. The defendant the **Sam Goffinet** did become liable to the
plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when he failed to direct that a jury trial commence in the
matter of BER-L-3935-09 and A-738-10 in violation of his
oath of office per N.J.S.A. 2A:13-1.

168. The defendant the **Sam Goffinet** did become liable to the
plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 7th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
when he failed to direct that a jury trial commence in the
matter of BER-L-3935-09 and A-738-10 in violation of his
oath of office per N.J.S.A. 2A:13-1.

24. **Samuel Goffinet** did have BER-L-3935-09 and A-738-10
dismissed in spite of the fact that triable issues were to
be decided by a jury.  This denied the plaintiff his right
to due process as insured by the 14th amendment to the
Constitution of the United States as a result the defendant

is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

25. The defendant **Samuel Goffinet** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

26. The defendant **Samuel Goffinet** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

27. The defendant **Samuel Goffinet** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

28. The defendant **Samuel Goffinet** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

29. The defendant **Samuel Goffinet** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

30. The defendant **Samuel Goffinet** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the

United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed honor his oath of office via Article VI clause 3 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

31. The defendant **Samuel Goffinet** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

32. The defendant **Samuel Goffinet** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

33. The defendant **Samuel Goffinet** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

34. The defendant **Samuel Goffinet** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 14th amendment to the United States Constitution.

35. The defendant **Samuel Goffinet** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF GEBHARDT AND KIEFER

169. **GEBHARDT AND KIEFER** did become liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when the company allowed incompetent attorneys to argue in the Bergen Superior Court and Appellate Court of New Jersey causing the plaintiff to subsequently be denied his right to trial by jury in the matters of BER-L-3935-09 and A-738-10.   It is customary to have competent attorneys argue on the floor of the Appellate Court of New Jersey and the floor of the Bergen Superior Court.

170. The defendant the **William Rudnik** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-L-3935-09 and A-738-10 in violation of his oath of office per N.J.S.A. 2A:13-1.

171. **William Rudnik** did via the 'abuse of process' motion the Bergen County Superior Court to dismiss action pled via BER-L-3935-09 and A-738-10 in spite of the fact that he knew the action was meritorious.   This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

172. **William Rudnik** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury.   This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

173. The defendant **William Rudnik** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

174. The defendant **William Rudnik** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

175. The defendant **William Rudnik** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 BER-L-3935-09.

176. The defendant **William Rudnik** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

177. The defendant **William Rudnik** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

178. The defendant **William Rudnik** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed honor his oath of office via Article VI clause 3 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

179. The defendant **William Rudnik** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived

the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

180. The defendant **William Rudnik** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

181. The defendant **William Rudnik** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

182. The defendant **William Rudnik** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09without due process of law in violation of the 14th amendment to the United States Constitution.

183. The defendant **William Rudnik** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THOMAS B. HANRAHAN**

184. **THOMAS B. HANRAHAN** did become liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when the company allowed incompetent attorneys to argue in the Bergen Superior Court and Appellate Court of New Jersey causing the plaintiff to subsequently be denied his right to trial by jury in the matters of BER-L-3935-09 and A-738-10. It is customary to have competent attorneys argue on the floor of the Appellate Court of New Jersey and the floor of the Bergen Superior Court.

185. The defendant the **Ruby Kumar-Thompson** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of BER-L-3935-09 and A-738-10 in violation of her oath of office per N.J.S.A. 2A:13-1.

186. The defendant the **Thomas B. Hanrahan** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-L-3935-09 and A-738-10 in violation of her oath of office per N.J.S.A. 2A:13-1.

187. **Ruby Kumar-Thompson** did via the 'abuse of process' motion the Bergen County Superior Court to dismiss action pled via BER-L-3935-09 and A-738-10 in spite of the fact that he knew the action was meritorious. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

188. **Thomas B. Hanrahan** did via the 'abuse of process' motion the Bergen County Superior Court to dismiss action pled via BER-L-3935-09 and A-738-10 in spite of the fact that he knew the action was meritorious. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the

defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

189. **Thomas B. Hanrahan** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to trial by jury as insured by the Constitution of the Unites States of America as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

190. **Ruby Kumar-Thompson** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States as a result the defendant is liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

191. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

192. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

193. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

194. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and

Title 42 U.S.C. 1986 when she failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

195. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

196. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed honor her oath of office via Article VI clause 3 when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

197. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 5th amendment to the United States Constitution.

198. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she had action A-738-10 and BER-L-3935-09 dismissed in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

199. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she had action A-738-10 and BER-L-3935-09 f dismissed or the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

200. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when she deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09 without due process of law in violation of the 14th amendment to the United States Constitution.

201. The defendant **Ruby Kumar-Thompson** did become liable to the plaintiff when she did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when she failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

202. **Thomas B. Hanrahan** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to trial by jury as insured by the Constitution of the Unites States of America. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States.

203. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

204. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

205. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

206. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

207. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

208. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed honor his oath of office via Article VI clause 3 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

209. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09without due process of law in violation of the 5th amendment to the United States Constitution.

210. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09without due process of law and allowed said fee to be used for public use without just compensation in violation of the 5th amendment to the United States Constitution.

211. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he dismissed

action A-738-10 and BER-L-3935-09 in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

212. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

213. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed in spite of the fact the Products Liability Act allowed for recovery from Bristol-Myers Squibb, Otsuka Pharmaceutical, Johnson and Johnson, Ortho McNeil Jassen Pharmaceuticals and Pfizer in violation of the provisions of the 10th amendment to the United States Constitution.

214. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09without due process of law in violation of the 14th amendment to the United States Constitution.

215. The defendant **Thomas B. Hanrahan** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF JOHN E. TENHOEVE**

216. **JOHN E. TENHOEVE** did become liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when the company allowed incompetent attorneys to argue in the Bergen Superior Court and Appellate Court of New Jersey causing the plaintiff to subsequently be denied his right to trial by jury in the matters of BER-L-3935-09 and A-738-10.  It is customary to have competent attorneys argue on the floor of the Appellate Court of New Jersey and the floor of the Bergen Superior Court.

217. The defendant the **John E. Tenhoeve** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-L-3935-09 and A-738-10 in violation of his oath of office per N.J.S.A. 2A:13-1.

218. **John E. Tenhoeve** did via the 'abuse of process' motion the Bergen County Superior Court to dismiss action pled via BER-L-3935-09 and A-738-10 in spite of the fact that he knew the action was meritorious.  This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States and made the defendant liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

219. **John E. Tenhoeve** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury.  This denied the plaintiff his right to trial by jury as insured by the Constitution of the Unites States of America and made the defendant liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

220. **John E. Tenhoeve** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury.  This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States and made the defendant liable via Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

221. The defendant **John E. Tenhoeve** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

222. The defendant **John E. Tenhoeve** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

223. The defendant **John E. Tenhoeve** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 BER-L-3935-09.

224. The defendant **John E. Tenhoeve** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

225. The defendant **John E. Tenhoeve** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

226. The defendant **John E. Tenhoeve** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United

States Constitution when he failed honor his oath of office via Article VI clause 3 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

227. The defendant **John E. Tenhoeve** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09without due process of law in violation of the 5th amendment to the United States Constitution.

228. The defendant **John E. Tenhoeve** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed in an effort to punish plaintiff in violation of the 8th amendment to the United States Constitution.

229. The defendant **John E. Tenhoeve** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action A-738-10 and BER-L-3935-09 dismissed for the failure to file an affidavit of merit in violation of the rights retained by the people as established via the case law of *Hubbard v. Reed*, 168 N.J. 387.

230.  The defendant **John E. Tenhoeve** did become liable to the plaintiff via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived the plaintiff of his filing fee in action A-738-10 and BER-L-3935-09without due process of law in violation of the 14th amendment to the United States Constitution.

231. The defendant **John E. Tenhoeve** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 14th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

## CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF GIBLIN & GIBLIN

232. **GIBLIN & GIBLIN** did become liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when the company allowed incompetent attorneys to argue in the Bergen Superior Court and Appellate Court of New Jersey causing the plaintiff to subsequently be denied his right to trial by jury in the matters of BER-L-3935-09 and A-738-10. It is customary to have competent attorneys argue on the floor of the Appellate Court of New Jersey and the floor of the Bergen Superior Court.

233. The defendant the **Brian Giblin** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of BER-L-3935-09 and A-738-10 in violation of his oath of office per N.J.S.A. 2A:13-1.

234. **Brian Giblin** did via the 'abuse of process' motion the Bergen County Superior Court to dismiss action pled via BER-L-3935-09 and A-738-10 in spite of the fact that he knew the action was meritorious. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States and made him liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

235. **Brian Giblin** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to trial by jury as insured by the Constitution of the Unites States of America and made him liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

236. **Brian Giblin** did have BER-L-3935-09 and A-738-10 dismissed in spite of the fact that triable issues were to be decided by a jury. This denied the plaintiff his right to due process as insured by the 14th amendment to the Constitution of the United States and made him liable via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986.

237. The defendant **Brian Giblin** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

238. The defendant **Brian Giblin** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by Article 1 Paragraph 9 of the New Jersey Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

239. The defendant **Brian Giblin** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as was the custom via the Rules of the Court of New Jersey R.4:35-1 via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

240. The defendant **Brian Giblin** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury with regard to unliquidated damages via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he failed to direct that a jury trial commence with regard to determination of unliquidated damages in the matter of A-738-10 and BER-L-3935-09.

241. The defendant **Brian Giblin** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United States Constitution when he failed to direct that a jury trial commence in the matter of A-738-10 and BER-L-3935-09.

242. The defendant **Brian Giblin** did become liable to the plaintiff when he did deny the plaintiff his right to a trial by jury as guaranteed by the 7th amendment to the United States Constitution via the violation of Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 via the provisions of Article VI Clause 2. of the United

States Constitution when he failed honor his oath of office
via Article VI clause 3 when he failed to direct that a
jury trial commence in the matter of A-738-10 and BER-L-
3935-09.

243. The defendant **Brian Giblin** did become liable to the
plaintiff via the violation of Title 42 U.S.C. 1983, Title
42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived
the plaintiff of his filing fee in action A-738-10 and BER-
L-3935-09 without due process of law in violation of the 5th
amendment to the United States Constitution.

244. The defendant **Brian Giblin** did become liable to the
plaintiff via the violation of Title 42 U.S.C. 1983, Title
42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action
A-738-10 and BER-L-3935-09 dismissed in an effort to punish
plaintiff in violation of the 8th amendment to the United
States Constitution.

245. The defendant **Brian Giblin** did become liable to the
plaintiff via the violation of Title 42 U.S.C. 1983, Title
42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he had action
A-738-10 and BER-L-3935-09 dismissed for the failure to
file an affidavit of merit in violation of the rights
retained by the people as established via the case law of
*Hubbard v. Reed*, 168 N.J. 387.

246. The defendant **Brian Giblin** did become liable to the
plaintiff via the violation of Title 42 U.S.C. 1983, Title
42 U.S.C. 1985 and Title 42 U.S.C. 1986 when he deprived
the plaintiff of his filing fee in action A-738-10 and BER-
L-3935-09 without due process of law in violation of the
14th amendment to the United States Constitution.

247. The defendant **Brian Giblin** did become liable to the
plaintiff when he did deny the plaintiff his right to a
trial by jury as guaranteed by the 14th amendment to the
United States Constitution via the violation of Title 42
U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986
via the provisions of Article VI Clause 2. of the United
States Constitution when he failed to direct that a jury
trial commence in the matter of A-738-10 and BER-L-3935-09.

**CIVIL RIGHTS ACTION VIA DENIAL OF RIGHTS BY THE EMPLOYEES OF THE BERGEN REGIONAL MEDICAL CENTER**

248. The defendant, the Bergen Regional Medical Center did become liable via a Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 action via violation of the plaintiff's 5th amendment rights when an employee of the Bergen Regional Medical Center did falsely imprison the plaintiff. The plaintiff was not released by the hospital upon request on March 17, 2008. As the plaintiff was held without legal justification he was falsely imprisoned. This employee falsely imprisoned the plaintiff because of the persistent maladministration of the Bergen Regional Medical Center which is the violation of the custom of having properly trained personal attend to the patients.

249. The defendant, the Bergen Regional Medical Center did become liable via a Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 action via violation of the plaintiff's 14th amendment rights when an employee of the Bergen Regional Medical Center did falsely imprison the plaintiff in violation of the provisions of N.J.S.A. 30:4-27 et al. The plaintiff was not released by the hospital upon request March 17, 2008. As the plaintiff was held without legal justification he was falsely imprisoned. This employee falsely imprisoned the plaintiff because of the persistent maladministration of the Bergen Regional Medical Center which is the violation of the custom of having properly trained personal attend to the patients.

250. The defendant, the Bergen Regional Medical Center did become liable via a Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 action via violation of the plaintiff's 5th amendment rights when an employee of the Bergen Regional Medical Center did falsely imprison the plaintiff. The plaintiff was admitted in the absence of legal justification on March 7, 2008. As the plaintiff was held without legal justification he was falsely imprisoned. This employee falsely imprisoned the plaintiff because of the persistent maladministration of the Bergen Regional Medical Center which is the violation of the custom of having properly trained personal attend to the patients.

251. The defendant, the Bergen Regional Medical Center did become liable via a Title 42 U.S.C. 1983, Title 42 U.S.C. 1985 and Title 42 U.S.C. 1986 action via violation of the plaintiff's 14th amendment rights when an employee of the

Bergen Regional Medical Center did falsely imprison the plaintiff in violation of the provisions of N.J.S.A. 30:4-27 et al.  The plaintiff was admitted in the absence of legal justification on March 7, 2008.  As the plaintiff was held without legal justification he was falsely imprisoned. This employee falsely imprisoned the plaintiff because of the persistent maladministration of the Bergen Regional Medical Center which is the violation of the custom of having properly trained personal attend to the patients.

**PRAYER FOR RELIEF**

36. The statute of limitations for the actions the plaintiff seeks to bring against the United States Department of Commerce is at least two years via statute 2401.2.

37. By reason of the facts and circumstances stated above, the plaintiff has been damaged by the United States Department of Commerce in the amount of $44, 624, and no cents, that he would have earned, and been due in lost unemployment compensation, if he was not wrongfully denied employment by the United States Department of Commerce in the spring of 2010.  The liability and damages are to be determined by jury.

38. The statute of limitations for the other actions the plaintiff seeks to bring to the bar is six years as the residual statute of limitations in New Jersey is at least six years via the N.J.S.A. 2A:14-1 per *Owens v. Okure* 488 U.S. 235 for a civil rights action.

39. By reason of the facts and circumstances stated above, the plaintiff has been damaged by the defendants in the amount of $100,000,000 and no cents.  Percentages of liability are to be determined by jury.


WHEREFORE, plaintiff demands judgment against defendants in the above referenced amounts, plus interest from a time established by the court, costs and disbursements, together with any other relief the Court finds to be just and proper after a jury decides all triable issues.  The plaintiff demands a jury in all matters that are triable.

Dated: October 31, 2011

Philip Hahn, Pro Se