NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PHILIP E. HAHN,** | : | |
| | : | **Civil Action No.: 11-6369 (ES)** |
| **Plaintiff,** | : | |
| | : | **OPINION** |
| **v.** | : | |
| | : | |
| **THE UNITED STATES DEPARTMENT** | : | |
| **OF COMMERCE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### SALAS, District Judge

### I.      Introduction

The parties involved in this matter are no strangers to litigation.  Plaintiff's current Complaint is the newest chapter in the saga of Philip Hahn ("Hahn" or "Plaintiff") and his battle with the New Jersey state court system.  Before the Court are eleven motions to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as well as one motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  For the reasons set forth below, the Court grants the Defendants' motions to dismiss; however, Defendants' motion for the imposition of Rule 11 sanctions is denied.

### II.     Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343(a)(3), as well as 42 U.S.C. § 1983.

### III.    Background

Plaintiff's Complaint is a seventy-one page, single-spaced document, rife with conclusory allegations.  Although utterly disjointed, Plaintiff's Complaint appears to arise from "[an]

instance [when] the plaintiff was thrown into the Bergen Regional Medical Center because he was seeking to take a deposition in 2008 and . . . had Abilify forced on him."  (Docket Entry No. 5).  Sometime thereafter, Plaintiff commenced a state court action, which, like his other state court complaints, was dismissed.

Plaintiff now seeks relief from the federal courts because Plaintiff believes "that foreign operatives have taken over the courts of the state of New Jersey . . . ."  (Docket Entry No. 52). While Plaintiff's Complaint is essentially devoid of factual allegations, the crux of Plaintiff's Complaint can be summarized as follows: "I [] demanded a jury trial . . . .  As I have demanded a jury trial I do not believe th[is] . . . action can be dismissed prior to trial.  The [Seventh] Amendment is clear in the matter."  (Docket Entry No. 27 at 1).

This conclusion has led to the present action, wherein Plaintiff seeks redress from, among others,[1] attorneys who filed—and argued—motions seeking dismissal of Plaintiff's state court complaint; the trial court judge who—upon reviewing the motions and hearing argument— dismissed Plaintiff's complaint; the appellate division judges who affirmed the trial court judge's decision dismissing Plaintiff's claims; and the New Jersey Supreme Court Justices who previously denied Plaintiff's petitions for certification.  Hahn avers that the Defendants have violated his "individual and associational rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution," and seeks relief under 42 U.S.C. §§ 1983, 1985

---

[1] Plaintiff also seeks relief from additional parties, some of whom he previously sued in state court.  These additional parties include: Bergen Regional Medical Center; the Borough of Tenafly; Care Plus, Inc.; Bristol-Myers Squibb Company; Otsuka America Pharmaceutical, Inc.; Johnson & Johnson; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; and Pfizer, Inc.  However, because Plaintiff's Complaint lacks a central theme tying these parties together, the Court addresses the specific allegations relating to each Defendant in its analysis section.

and 1986.  (Compl. at 9, ¶ 1).[2]

## IV.   Legal Standards

### A.    Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction.  "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011).  In considering a Rule 12(b)(1) motion, "the district court may not presume the truthfulness of plaintiff's allegations, but rather must evaluat[e] for itself the merits of [the] jurisdictional claims." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (internal citation and quotation marks omitted).

### B.    Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief."  The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).  In addition, the plaintiff's short and plain statement of the claim must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when "the plaintiff pleads factual

---

[2] The Court will reference the page number and specific paragraph of Plaintiff's Complaint for citation purposes.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally as he is proceeding pro se." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## V.     Analysis[3]

### A.     Plaintiff's Claimed Right to a Jury Trial Under the Seventh Amendment, New Jersey Constitution, and New Jersey Rules of Court

Plaintiff maintains that he had a legal right to a trial by jury in his state court proceedings as guaranteed by the Seventh Amendment of the United States Constitution, Article 1 Paragraph 9 of the New Jersey Constitution, and New Jersey Rules of Court because he has requested and paid for a jury trial.  (*See generally* Compl.).  Simply put, Plaintiff is incorrect.

First, it is well-settled that "the *Seventh Amendment applies only to proceedings in courts of the United States and does not in any manner whatever govern or regulate trials by jury in state courts . . . .*"  *Minneapolis & St. Louis R.R. Co. v. Bombolis, Adm'r of Nanos*, 241 U.S. 211, 217 (1916) (emphasis added) (internal citations omitted); *see also State Farm Mut. Auto. Ins. Co. v. Baasch*, 644 F.2d 94, 97 (2d Cir. 1981) ("[T]he Seventh Amendment was ruled not to be applicable to the states . . . and the Supreme Court has not included it among the provisions of the Bill of Rights which it has held to have been made applicable by the Fourteenth

---

[3] The Court makes two preliminary determinations.  First, Plaintiff has failed to allege any facts to support a claim under 42 U.S.C. § 1985.  Although Hahn failed to specify under which part of § 1985 he seeks relief, it is clear that the applicable section is 42 U.S.C. § 1985(3).  To state a claim under § 1985(3), a plaintiff must allege "'(1) a conspiracy; (2) for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; [] (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'"  *Slater v. Susquehanna Cnty.*, 465 F. App'x 132, 136 (3d Cir. 2012) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)).  "As the linchpin for conspiracy is agreement, . . . concerted action, without more, cannot suffice to state a conspiracy claim."  *Watson v. Sec'y Pa. Dep't of Corr.*, 436 F. App'x 131, 137 (3d Cir. 2011).  Further, the "second component of the test requires the plaintiff to allege that the conspiracy was motivated by racial, gender, or other class-based discriminatory animus."  *Slater*, 465 F. App'x at 136 (citing *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006)).  In this case, Plaintiff neither pleads that the Defendants engaged in a conspiracy, nor does Plaintiff allege that the purported conspiracy was motivated by race, gender, or some other class-based discriminatory animus.  *See ibid.*  Thus, Plaintiff has failed to state a claim to relief under 42 U.S.C. § 1985 that is plausible on its face.  *Iqbal*, 556 U.S. at 678.  Second, because Plaintiff has failed to allege a conspiracy under § 1985, he has failed to state a viable cause of action under 42 U.S.C. § 1986. *See Koorn v. Lacey Twp.*, 78 F. App'x 199, 208 (3d Cir. 2003) ("[T]he Koorns do not have a cognizable § 1985(3) claim.  Thus the Koorns' claim that Township officials failed to halt a conspiracy in violation of 42 U.S.C. § 1986 must also fail.").

Amendment."); *McFadden v. Sears, Roebuck & Co.*, No. 96-2296, 1997 U.S. App. LEXIS 26253, at *3 (6th Cir. 1997) ("[Plaintiff] did not . . . allege a deprivation of a federal right because the Seventh Amendment has not been extended to the states and thus does not guarantee a jury trial in state court."). Therefore, Plaintiff's claim that the New Jersey state court judges "den[ied] . . . his right to a trial by jury as guaranteed by the [Seventh] Amendment to the United States Constitution," (Compl. at 13, ¶¶ 25-29), is misguided because the Seventh Amendment only applies to proceedings in courts of the United States and not state courts.

Second, this Court summarily rejects Plaintiff's argument that he has a right to a trial by jury under the New Jersey Constitution and New Jersey Rules of Court. Plaintiff presented this exact argument during one of his New Jersey State Court proceedings, to which the Appellate Division held:

> The gist of plaintiff's argument on appeal, articulated in particular at oral argument, is that he requested and paid for a jury trial, a constitutional right, which trumped the firm defendants' rights to make a motion to dismiss his complaint and the judicial defendants' right to dismiss his case prior to an adjudication on the merits by a jury. Plaintiff's position is not founded in law. As our Supreme Court has recognized, 'in civil matters the constitutional right to a jury trial is not absolute. . . . Even when requested, the failure to present evidence warranting submission of a factual issue to the jury is the functional equivalent of a waiver of the right to have a jury decide the case.' *Brill v. Guardian Life Ins. Co. of Am.*, 142 N.J. 520, 537 (1995). Specifically, in the context of a motion to dismiss for failure to state a claim, the law is clear that 'a court must dismiss the plaintiff's complaint if it has failed to articulate a legal basis entitling the plaintiff to relief.' (citing cases).

*Hahn v. Frascella*, No. A-0070-10T3, 2011 N.J. Super. Unpub. LEXIS 1414, at *4, *5 (N.J. Super. Ct. App. Div. June 3, 2011); *see also Hahn v. Bergen Reg'l Med. Ctr.*, Nos. A-2869-09T1, A-6282-09T1, A-1924-10T4, 2011 N.J. Super. Unpub. LEXIS 1626, at *16, *17 (N.J.

Super. Ct. App. Div. June 23, 2011).  This Court declines Plaintiff's invitation to entertain this argument.  To do so would be equivalent to an appellate review of the state courts' decisions.

### B.      The State of New Jersey

In this Complaint, Hahn raises the same conclusory allegation against the State of New Jersey as he did in his other federal complaint bearing civil action number 11-1874 (ES).  That is, Plaintiff claims that "the State of New Jersey . . . den[ied] . . . his civil rights via the maladministration of the affairs of the Courts of New Jersey."  (Compl. at 10, ¶ 2).

The Court need not dwell on this issue because the law is clear: "[t]he Eleventh Amendment of the United States Constitution protects a state or state agency from a suit brought in federal court by one of its citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity."  *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2010) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Congress has not abrogated the state's sovereign immunity with respect to § 1983.  *See ibid.* ("Section 1983 does not abrogate states' immunity.").  "And New Jersey has neither consented to suit nor has it waived its Eleventh Amendment immunity."  *Ibid.*  Accordingly, the State of New Jersey will be dismissed from this litigation.

### C.      The Supreme Court of New Jersey, the Superior Court of New Jersey Appellate Division, and the Superior Court of New Jersey—Bergen Vicinage

The Court next determines whether Plaintiff may seek relief from the judicial branch. This Court—like many other courts—finds the judicial branch to be an integral part of the State of New Jersey, and thus concludes that regardless of the form of relief Plaintiff seeks, Plaintiff's claims against these entities are barred by the Eleventh Amendment of the United States Constitution.  *See, e.g.*, *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("[T]he state

courts . . . are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the State of New Jersey, and therefore considered arms of the state."); *Onyiuke v. N.J. Supreme Court*, 435 F. Supp. 2d 394, 401 (D.N.J. 2006) ("the New Jersey Supreme Court is . . . entitled to Eleventh Amendment immunity."); *Hunter v. Supreme Court of N.J.*, 951 F. Supp. 1161, 1177 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997) ("the Supreme Court of New Jersey . . . enjoy[s] Eleventh Amendment immunity."); *Johnson v. State of N.J.*, 869 F. Supp. 289, 296-98 (D.N.J. 1994) ("the New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity.   Therefore, this Court holds that plaintiff's claim . . . against the New Jersey Superior Court is barred by the Eleventh Amendment."); *El-Hewie v. Supreme Court of N.J.*, No. 10-5153, 2011 U.S. Dist. LEXIS 53880, at *4 (D.N.J. May 19, 2011) ("The claims against the Supreme Court of New Jersey and the New Jersey Appellate Division are also barred by the Eleventh Amendment."); *Haddad v. Flynn*, No. 07-5617, 2008 U.S. Dist. LEXIS 71257, at *16, *17 (D.N.J. Sept. 9, 2008) ("The Superior Court of New Jersey and its vicinages are part of the judicial branch of the State of New Jersey, and are thus protected by the Eleventh Amendment."); *Kwasnik v. Leblon*, No. 03-3881, 2006 U.S. Dist. LEXIS 2333, at *10 (D.N.J. Jan. 23, 2006) ("The New Jersey Supreme Court, as part of the judicial branch of the New Jersey State government, is an integral part of the State of New Jersey for purposes of the Eleventh Amendment and is entitled to share in the State's sovereign immunity.  New Jersey has not waived its sovereign immunity with regard to suits brought in federal courts against its courts"); *Hawkins v. Supreme Court of N.J.*, 2005 U.S. Dist. LEXIS 37564, at *25 (D.N.J. Aug. 31, 2005), *aff'd*, 174 F. App'x 683 (3d Cir. 2006) ("In this case, sovereign immunity unquestionably extends to . . . the New Jersey Supreme Court . . . regardless of the type of relief

- 8 -

requested.").[4]

In light of this precedent, the Court holds that the Supreme Court of New Jersey, the Superior Court of New Jersey Appellate Division, and the Superior Court of New Jersey, Bergen Vicinage, are immune from suit under the Eleventh Amendment. Accordingly, they will be dismissed from this litigation.[5]

### D. The Supreme Court Justices, Judges of the Appellate Division, and Judge of the Superior Court[6]

Plaintiff seeks redress from the trial court judge who dismissed his state court complaint, the appellate judges who affirmed the trial court's dismissal, and the New Jersey Supreme Court justices who previously denied Plaintiff's petitions for certification.[7] According to Plaintiff, "the court[s] were not at liberty to dismiss the plaintiff's actions . . . [s]ince the plaintiff properly demanded a jury." (Docket Entry No. 57 at 3, 5). Plaintiff's arguments are unavailing.

It is well-established that "[a] judicial officer in the performance of his [or her] duties has absolute immunity from suit and will not be liable for his [or her] judicial acts." *Azubujo v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). "A

---

[4] There are two exceptions to the doctrine of sovereign immunity: "(1) a state can consent to be sued and (2) Congress can abrogate a state's sovereign immunity." *Hawkins*, 2005 U.S. Dist. LEXIS 37564, at *25 n.10. There is no indication that either exception is applicable here.

[5] The Court notes that claims brought under §1983 do not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

[6] The Supreme Court Justices being sued by Plaintiff are the Hon. Stuart Rabner, Chief Justice; Hon. Victoria Long, Associate Justice; Hon. Jaynee LaVecchia, Associate Justice; Hon. Barry T. Albin, Associate Justice; Hon. John E. Wallace, Jr., former Associate Justice; Hon. Roberto Rivera-Soto, former Associate Justice; Hon. Helen E. Hoens, Associate Justice; Hon. Edwin H. Stern, former Associate Justice; Hon. Anne M. Patterson, Associate Justice. The Appellate Division Judges that Plaintiff seeks relief from include the Hon. Edith K. Payne, J.A.D.; Hon. Susan L. Reisner, J.A.D.; Hon. Margaret M. Hayden, J.A.D. Finally, the Superior Court Judge from whom Plaintiff seeks relief is the Hon. Mark M. Russello, J.S.C.

[7] It does not appear that Plaintiff filed a petition for certification with the New Jersey Supreme Court in connection with the underlying matters (*i.e.*, Docket Nos. L-3935-09 and A-0738-10T4) that served as the impetus for this lawsuit. Thus, it appears that Plaintiff is suing the New Jersey Supreme Court Justices based upon their prior denials of Plaintiff's petitions for certification.

judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority; rather, he [or she] will be subject to liability only when he [or she] has acted in the 'clear absence of all jurisdiction.'" *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citation omitted)). There are only two exceptions to the doctrine of judicial immunity. The first exception is where a judge engages in nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction. *Ibid.*

The Court holds that Plaintiff's claims against the Supreme Court justices, the judges of the Appellate Division, and the judge of the Superior Court are barred by the doctrine of absolute judicial immunity. In this case, Plaintiff has not set forth any facts that would suggest that the judicial Defendants engaged in nonjudicial acts, nor has Plaintiff alleged facts demonstrating that the judges' and justices' actions were taken in the clear absence of all jurisdiction. Indeed, the judicial Defendants here decided pending motions, dismissed baseless claims, denied appeals, and denied Plaintiff's petitions for certification. These acts were judicial in nature and, notwithstanding Plaintiff's arguments to the contrary, were exercised within the judges' respective jurisdictions. *See Kwasnik*, 228 F. App'x at 243 ("The Ju[dges] of the New Jersey Superior Court and [Justices] of the [New Jersey] Supreme Court . . . acted within their respective jurisdictions in denying Kwasnik's appeal and his petition for certification."); *Melleady v. Blake*, No. 11-1807, 2011 U.S. Dist. LEXIS 144834, at *23, *49 (D.N.J. Dec. 15, 2011) (judge was entitled to absolute judicial immunity for issuing a ruling while presiding over

a judicial proceeding ); *Gage v. Warren Twp. Comm. and Planning Bd. Members*, No. 11-1501, 2011 U.S. Dist. LEXIS 137134, at *25 (D.N.J. Nov. 29, 2011) (judge was entitled to absolute judicial immunity for issuing various orders in connection with matters pending before the court).  Thus, the doctrine of absolute judicial immunity is applicable here.  Accordingly, the Court dismisses Plaintiff's claims against the judicial Defendants.

### E.    The Bergen Regional Medical Center ("BRMC")

Plaintiff's Complaint essentially contains two allegations against BRMC.  Plaintiff alleges the following:

> BRMC did become liable via a Title 42 U.S.C. 1983 [sic] . . . via violation of the plaintiff's 5th amendment [sic] rights when an employee of the BRMC did falsely imprison the plaintiff.  [The plaintiff was admitted in the absence of legal justification on March 7, 2008.].  The plaintiff was not released by the hospital upon request on March 17, 2008.  As the plaintiff was held without legal justification he was falsely imprisoned.  This employee falsely imprisoned the plaintiff because of the persistent maladministration of the BRMC which is the [sic] violation of the custom of having properly trained personal [sic] attend to the patients.  (Compl. at 68, ¶¶ 248, 250).

> BRMC did become liable via a Title 42 U.S.C. 1983 [sic] . . . via violation of the plaintiff's 14th amendment [sic] rights when an employee of the BRMC did falsely imprison the plaintiff in violation of the provisions of N.J.S.A. 30:4-27 et al [sic].  [The plaintiff was admitted in the absence of legal justification on March 7, 2008.].  The plaintiff was not released by the hospital upon request on March 17, 2008.  As the plaintiff was held without legal justification he was falsely imprisoned.  This employee falsely imprisoned the plaintiff because of the persistent maladministration of the BRMC which is the [sic] violation of the custom of having properly trained personal [sic] attend to the patients.

(*Id.* at 68, 69, ¶¶ 249, 251).[8]

The Court finds that Plaintiff has failed to allege a viable cause of action under § 1983 for the following three reasons.  First, the Court finds that the doctrine of *res judicata* bars Plaintiff's claims against BRMC.  "The doctrine of *res judicata* applies to federal civil actions brought under § 1983, and, in this context, we must afford 'a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'"  *Cycle Chem., Inc. v. Jackson*, 465 F. App'x 104, 109 (3d Cir. 2012) (quoting *Jones v. Holvey*, 29 F.3d 828, 829-30 (3d Cir. 1994)).  *Res judicata* bars the relitigation of "matters actually determined in an earlier action, [and] to all relevant matters that could have been so determined."  *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412 (N.J. 1991).  "'If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action.  Otherwise, theories not raised will be precluded in a later action.'"  *Cycle Chem., Inc.*, 465 F. App'x at 109 (quoting *Watkins*, 124 N.J. at 413).  "Under New Jersey law, *res judicata* applies when (1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action."  *Ibid.* (internal citation and quotation marks omitted).

The Court concludes that each element has been satisfied.  First, the judgments in the prior actions were valid, final, and on the merits.  *See, e.g.*, *Hahn v. Johnson & Johnson*, No. A-

---

[8] BRMC contends that "Plaintiff, a serial pro-se litigator, has . . . filed no less than six state-court lawsuits against BRMC stemming from his 2005, 2007, and 2008 involuntary commitments to BRMC."  (BRMC Moving Br. at 1).  BRMC explains that "none of [Plaintiff's] state lawsuits against BRMC have borne fruit.  Indeed, [P]laintiff's six previous state suits against BRMC for his 2005, 2007, and 2008 involuntary commitments have all resulted in a dismissal on the merits . . . [and] uniformly affirmed [by the New Jersey Appellate Division.]"  (*Ibid.*).

0738-10T4, 2011 N.J. Super. Unpub. LEXIS 2489, at *11 (N.J. Super. Ct. App. Div. Oct. 3, 2011) ("[W]e conclude that [plaintiff's] appellate contentions are all without merit . . . . We affirm the order[] [granting summary judgment] on appeal, substantially for the same reasons stated by Judge Mark M. Russello in the oral opinion[] and written statement[] of reasons that he issued for each order.").  Second, identity of the parties exists because both Hahn and BRMC were involved in the prior litigations.  Finally, there can be no question that Plaintiff's federal lawsuit, *i.e.*, the later action, grows out of the same occurrence that led to the Plaintiff's earlier litigation—Plaintiff's commitment and subsequent treatment while at BRMC.  (*See e.g.*, Complaint, *Hahn v. Johnson & Johnson, Inc., et al.*, No. L-3935-09, Goffinet Cert., Ex. B ("The Bergen Regional Medical Center of Paramus, New Jersey did falsely imprison the plaintiff at the Bergen Regional Medical Center on March 7, 2008 until March 18, 2008."); *Hahn*, 2011 N.J. Super. Unpub. LEXIS 2489, at *3, *11-*12 ("[T]his appeal concerns Mr. Hahn's 2008 psychiatric commitment . . . .  Plaintiff asserted professional negligence claims against BRMC . . . contending that he was falsely imprisoned because he did not need to be committed[.]").

Plaintiff attempts to utilize 42 U.S.C. § 1983 as a pretextual basis for this Court's jurisdiction.  This Court is not persuaded, and thus rejects Plaintiff's misguided attempt.  Plaintiff is asking this Court to relitigate and decide matters in contravention of firmly ingrained *res judicata* principles.  Plaintiff has been afforded his day in court, during which he presented and argued his claims before courts of competent jurisdiction.  To that end, this Court declines to relitigate matters growing out of the same transaction that formed the basis of Plaintiff's earlier state court litigation.

- 13 -

Second, courts do not recognize § 1983 liability on a theory of *respondeat superior*; rather, a plaintiff is required to allege that the defendant, through defendant's own actions, violated the Constitution.  *See Iqbal*, 556 U.S. at 677; *see also Jordan v. Cicchi*, 428 F. App'x 195, 198 (3d Cir. 2011).  Plaintiff's theory of liability against BRMC is linked to alleged unlawful conduct by one of its employees.  (*See* Compl. at 68, ¶ 248 ("[T]he Bergen Regional Medical Center did become liable via a Title 42 U.S.C. 1983 [sic] . . . action . . . when an *employee of Bergen Regional Medical Center* did falsely imprison the plaintiff.").  Therefore, Plaintiff's claim fails because it is predicated upon the theory of *respondeat superior*.

Finally, Plaintiff also has failed to state a valid claim under § 1983 because he has failed to allege that BRMC was acting under color of state law.  *Bates v. Paul Kimball Hosp.*, 346 F. App'x 883, 887 (3d Cir. 2009) ("To state a valid claim under § 1983 against the Medical Facilities, [plaintiff] must show not only that they violated his federal rights but that they did so while *acting under color of state law*.") (emphasis added).  Plaintiff's failure to allege this necessary component of the § 1983 analysis warrants dismissal.  *See ibid.* (holding that "[t]he allegations in [plaintiff's] amended complaint are wholly insufficient to carry his burden of demonstrating that the Medical Facilities acted under color of state law . . . and the District Court should have granted the Medical Facilities' motion on that basis.").

For the reasons articulated above, Plaintiff does not have a cognizable claim under § 1983.  Furthermore, because any amendment would be futile, the Court dismisses Plaintiff's Complaint as it relates to BRMC with prejudice.

F.   **Bristol-Myers Squibb Company ("BMS") and Otsuka America Pharmaceutical, Inc. ("OAPI")**[9]

Plaintiff alleges that "[v]ia a callous and deliberate disregard for the provisions of the Products Liability Act of New Jersey via N.J.S.A. 2A-58c-1 thru [sic] N.J.S.A. 2A-58c-4 the defendant[s], [BMS and OAPI] did release the Product Abilify that the plaintiff had forced upon him in March 2008 . . . ."  (Compl. at 24, ¶ 82; at 25 ¶ 83).[10]

In light of Plaintiff's allegations, the Court concludes that dismissal is warranted for the following three reasons.  First, Plaintiff's allegations are barred by the doctrine of *res judicata*. It is well-established that a claim shall be precluded under the doctrine of *res judicata* when "(1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties . . . ; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action."  *Cycle Chem., Inc.*, 465 F. App'x at 109 (internal citation omitted).

The Court finds that each element is satisfied here.  As to the first element, the Court finds that the state-court judgment was valid, final, and issued on the merits.[11]  *See Hahn*, 2011 N.J. Super. Unpub. LEXIS 2489, at *13, *14 ("Plaintiff's claims against Bristol Myers and

---

[9] The Court consolidates its analysis relating to Defendants BMS and OAPI because the allegations contained in Plaintiff's Complaint relating to these Defendants are identical.

[10] Hahn's utilization of §1983 to remedy alleged violations of the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, *et seq.* is contrary to well-established law.  Indeed, "[t]he plain language of section 1983, interpreted and underscored by the Supreme Court in *Maine v. Thiboutot*, 448 U.S. 1 (1980), solely supports causes of action based upon violations, under the color of state law, of *federal statutory law or constitutional rights.*"  *Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990) (emphasis added).  Thus, Plaintiff's use of § 1983 is misplaced because "[§] 1983 does not provide a cause of action for violations of state statutes, and[] a state statute cannot, in and of itself, create a constitutional right."  *Ibid.*

[11] The Court notes that "[i]t is of no moment that the earlier decision is from state court, as '[a] judgment that is final and therefore res judicata in the courts of one state ordinarily must be given full faith and credit by all other courts in the United States.'"  *Cahn v. United States*, 269 F. Supp. 2d 537, 545 (D.N.J. 2003) (quoting *Flood v. Braaten*, 727 F.2d 303, 308 (3d Cir. 1984)).

- 15 -

Otsuka, the manufacturers of Abilify, were . . . properly dismissed with prejudice under the entire controversy and res judicata doctrines.  Plaintiff should have included in the previous litigation all of his claims concerning his . . . 2008 treatments with Abilify.  In [his] prior lawsuit, [Plaintiff] made the same claim that Abilify exacerbated his detached retina, a condition that was diagnosed in 2005.  And he amended his complaint several times in that previous action, including amendments filed after his 2008 hospitalization. . . .  [Accordingly,] [w]e affirm the dismissal of the complaint against Bristol Myers and Otsuka for these reasons as well as the reasons stated in Judge Russello's oral opinion issued [on] January 8, 2010.").  With regard to the second element, the prior litigation involved the same parties—Hahn, BMS, and OAPI. Finally, there can be no question that Plaintiff's federal litigation—the subsequent suit—is based upon the same cause of action Hahn raised in his prior state-court litigation, *i.e.*, the 2008 administration of Abilify and alleged violations of New Jersey's Products Liability Act.  *See id.*, at *2 ("To summarize, in connection with his temporary psychiatric commitment to the Bergen Regional Medical Center . . . in *March 2008*, plaintiff sued . . . several pharmaceutical companies[, *e.g.*, Bristol Meyers and Otsuka,] that manufactured medications administered to him during his hospitalization."); *see also* (Complaint, *Hahn v. Johnson & Johnson, et al.*, No. L-3935-09, Richter Decl., Ex. C, at 10, 11 ("Bristol Meyers Squibb Incorporated [and Otsuka Pharmaceutical America, Inc.] . . . did provide Abilify that was used to treat the plaintiff in the absence of an adequate warning.  The plaintiff further complains that Abilify is a defective product.")).  Hahn's attempt to disguise his prior state law claims as a civil rights action is futile and cannot withstand this Court's scrutiny.  Thus, BMS and OAPI have properly raised the defense of *res judicata*.

Second, Plaintiff's Complaint fails to comply with the pleading requirements imposed by *Iqbal*. Specifically, Plaintiff's assertions of alleged wrongdoing are conclusory statements, amounting to nothing "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S. Ct. at 1949. Consequently, these "conclusory statements, do not suffice." *Ibid.*

Third, neither BMS nor OAPI may be sued under § 1983 because they are private entities not acting under the color of state law. *See Eleuteri v. Eleuteri*, 457 F. App'x 210, 212 (3d Cir. 2012). Plaintiff, perhaps conceding this point, does not even allege that BMS and OAPI were acting under color of state law. For that reason, Plaintiff cannot sustain a claim under 42 U.S.C. § 1983.

Accordingly, Plaintiff has failed to raise a plausible claim against BMS and OAPI. Therefore, Plaintiff's Complaint, and the allegations contained therein, relating to BMS and OAPI, is dismissed. Further, because any amendment would be futile, Plaintiff's claims are dismissed with prejudice.

### G. Care Plus, Inc. ("Care Plus") and Maksym Lider ("Lider")[12]

Plaintiff claims that "Care Plus did become liable to the plaintiff via a Title 42 U.S.C. 1983 [sic] . . . action when the employee M. Lider did falsely imprison the plaintiff on March 7, 2008 via the failure to properly train employee M. Lider. It is customary to send qualified individuals to conduct mental health evaluations. It is alleged that M. Lider was

---

[12] Care Plus "is a mental illness screening facility . . . [that] provides screening services for [the] determination of involuntary commitment of mentally ill adults pursuant to . . . N.J.S.A. 30:4-27.1 *et seq* and New Jersey Court Rule 4:74-7." (Care Plus Moving Br. at 5). Lider is the "certified screener from Care Plus [who], along with several Paramus Police Department Officers, went to the plaintiff's residence. . . . and determined that [Hahn] required additional assessment and involuntary admission to provide treatment and further stabilization." (*Id.* at 6).

incompetent. . . . [and violated the Plaintiff's] 5th and 14th Amendment rights."   (Compl. at

29, ¶¶ 1, 2).

The Court concludes that Plaintiff has failed to plead factual allegations that establish a

plausible claim for the following reasons.  First, the Court finds Plaintiff's claim against Care

Plus to be barred by the doctrine of *res judicata*.  As to the first element, the state-court judgment

was valid, final, and issued on the merits.  *See Hahn*, 2011 N.J. Super. Unpub. LEXIS 2489, at

*11 ("We affirm the orders on appeal, substantially for the same reasons stated by Judge Mark

M. Russello in the oral opinions and written statements of  reasons that he issued for each

order.").  With regard to the second element, the prior litigation involved the same parties—

Hahn and Care Plus.  Finally, it is undeniable that Plaintiff's federal litigation is based upon the

same cause of action Hahn raised in his prior state-court litigation.  Indeed, both litigations

involved allegations that Care Plus falsely imprisoned the Plaintiff on March 7, 2008.  (*Compare*

Complaint, *Hahn v. Johnson & Johnson, et al.*, No. L-3935-09, Rudnik Cert., Ex. A ("Care

Plus . . . did falsely imprison the plaintiff . . . on March 7, 2008."), *with* Compl. at 29, ¶ 1 ("Care

Plus . . . did falsely imprison the plaintiff on March 7, 2008 . . . ."); *see also Hahn*, 2011 N.J.

Super. Unpub. LEXIS 2489, at *2 ("To summarize, in connection with his temporary psychiatric

commitment to the Bergen Regional Medical Center in March 2008, plaintiff sued . . . Care Plus

NJ, Inc., the designated screening service that evaluated [Plaintiff] for [his] psychiatric

commitment[.]")).   The Court holds that Care Plus has properly raised the defense of *res

judicata*.  For that reason, the Court dismisses Plaintiff's Complaint.

Second, Plaintiff's claims for false imprisonment against Care Plus and Lider are barred

by the relevant statute of limitations.  It is beyond cavil that claims for false imprisonment are

governed by a two-year statute of limitations, which "accrues on the . . . date the false imprisonment ends." *Pitman v. Ottehberg*, No. 10-2538, 2011 U.S. Dist. LEXIS 149677, at *40 (D.N.J. Dec. 30, 2011) (citing *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir. 1998) and *Wallace v. Kato*, 549 U.S. 384, 389-92 (2007)); *see also Ross v. Twp. of Woodbridge*, No. 09-1533, 2010 U.S. Dist. LEXIS 27271, at *11 (D.N.J. Mar. 23, 2010) ("Plaintiffs' false imprisonment claims . . . [are governed by a] two-year statute of limitations . . . ."). In this case, although Plaintiff alleges that "Care Plus . . . and M. Lider did falsely imprison [him] on March 7, 2008," Plaintiff's claim for false imprisonment began to accrue on March 17, 2008, *i.e.*, the date his purported self imprisonment ended. Thus, Plaintiff was required to file suit by March 17, 2010. Notwithstanding that fact, Plaintiff filed the present suit on October 31, 2011, which falls outside of the requisite two-year statutory period. Consequently, Plaintiff's claim for false imprisonment is time-barred.

Finally, Plaintiff has not pleaded a viable cause of action under § 1983 because he has failed to allege that Care Plus and Lider were acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (finding that in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege that the person who has deprived him of [a federal right] acted under color of state . . . law."); *Bates*, 346 F. App'x at 887 ("To state a valid claim under § 1983 against the Medical Facilities, [plaintiff] must show not only that they violated his federal rights but that they did so while *acting under color of state law*.") (emphasis added). Plaintiff's failure to allege this necessary component of the § 1983 analysis warrants dismissal. *See Bates*, 346 F. App'x at 887 (holding that "[t]he allegations of [plaintiff's] amended complaint are wholly insufficient to carry his burden of demonstrating that the Medical Facilities

acted under color of state law . . . and the District Court should have granted the Medical Facilities' motion on that basis.").

The Court concludes that Plaintiff does not have a cognizable claim under § 1983. Furthermore, because any amendment would be futile, the Court dismisses Plaintiff's Complaint, as it relates to Care Plus and Lider, with prejudice.

### H.   Johnson & Johnson, Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("Janssen Pharmaceuticals"), and Pfizer, Inc. ("Pfizer")

The Court next must determine whether Plaintiff has stated a claim to relief against these Defendants that meets the pleading requirements of *Iqbal* and *Twombly*. Defendants' alleged wrongdoing is limiting to the following three paragraphs:

> Via the callous and deliberate disregard for the provisions of the Products Liability Act of New Jersey via N.J.S.A. 2A:58c-1 thru [sic] N.J.S.A. 2A58c-4 . . . Johnson & Johnson[] did release the product Haldol that the plaintiff had forced upon him in March of 2008 and therefore became liable via . . . 42 U.S.C. 1983 [sic] . . . . (Compl. at 26, ¶ 84);

> Via the callous and deliberate disregard for the provisions of the Products Liability Act of New Jersey via N.J.S.A. 2A:58c-1 thru [sic] N.J.S.A. 2A58c-4 . . . Ortho McNeil Jassen Pharmaceuticals [sic] did release the product Haldol that the plaintiff had forced upon him in March of 2008 and therefore became liable via . . . 42 U.S.C. 1983 [sic] . . . . (*Id.* at 27, ¶ 85);

> Via the callous and deliberate disregard for the provisions of the Products Liability Act of New Jersey via N.J.S.A. 2A:58c-1 thru [sic] N.J.S.A. 2A58c-4 . . . Pfizer did release the product Benadryl that the plaintiff had forced upon him in March of 2008 and therefore became liable via . . . 42 U.S.C. 1983 [sic] . . . .

(*Id.* at 28, ¶ 86).

Based upon these allegations, the Court concludes that dismissal is warranted for the following reasons. First, the Court finds Plaintiff's allegations to be nothing "more than []

- 20 -

unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678.  To that end, Plaintiff's Complaint does not contain sufficient factual matter that this Court can accept as true.  Consequently, Plaintiff has failed to state a claim to relief that is plausible on its face.  *See ibid.* (citing *Twombly*, 550 U.S. at 570).

Second, Plaintiff's § 1983 claim also fails because Hahn has not alleged that Defendants acted under color of state law.  Indeed, Plaintiff's Complaint is devoid of any allegations giving rise to a plausible inference that the Defendants either acted under color of state law or conspired with state actors to deny Hahn his constitutional rights.  *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (holding that the plaintiff could not recover against under § 1983 because "[a] review of [plaintiff's] complaint reveal[ed] no allegations giving rise to a plausible inference that [the defendant] acted under color of state law or conspired with state actors . . . .").  Consequently, Plaintiff's § 1983 claim must be dismissed.  *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010) ("To prevail on a § 1983 claim, a plaintiff *must allege that the defendant acted under color of state law*, in other words, that there was state action.") (emphasis added); *see also Brown v. Johnson & Johnson*, No. 11-1970, 2012 U.S. Dist. LEXIS 81791, at *7 (N.D. Tex. Apr. 19, 2012) (dismissing plaintiff's § 1983 claim because "[Johnson & Johnson] *is not a state actor*.").[13]

---

[13] The Court notes that Plaintiff once again seeks to utilize § 1983 to remedy an alleged violation of the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et seq.*, which, as this Court expressed above, is contrary to well-established law.  *See Brown*, 922 F.2d at 1113 ("The plain language of section 1983, interpreted and underscored by the Supreme Court in *Maine v. Thiboutot*, 448 U.S. 1 (1980), solely supports causes of action based upon violations, under the color of state law, of *federal statutory law or constitutional rights*.") (emphasis added).  Therefore, Hahn's utilization of § 1983 to remedy violations of a state statute is futile.  *See ibid.* ("Section 1983 does not provide a cause of action for violations of state statutes, and[] a state statute cannot, in and of itself, create a constitutional right.").

I.        **The Law Firm Defendants**[14]

Hahn seeks relief from the law firms and lawyers who allegedly deprived him of his right to a trial by jury.  Thus, the Court must determine whether Plaintiff may utilize § 1983 to sue the law firms that allegedly "allowed incompetent attorneys to argue in the Bergen County Superior Court and Appellate Court of New Jersey causing the plaintiff to . . . be denied his right to a trial by jury in the matters of BER-L-3935-09 and A-738-10 [sic]," (Compl. at 32, ¶ 9; at 35, ¶ 87; at 41, ¶ 116; at 50, ¶ 165; at 53, ¶ 169; at 56, ¶ 184; at 65, ¶ 232), as well as the lawyers who— while representing their respective clients—filed motions seeking dismissal of Plaintiff's state-court complaints; argued those motions when requested by the court; and opposed the appeals filed by Plaintiff.  (*See, e.g.*, *id.* at 32, ¶¶ 10, 11; at 35, ¶ 90; at 38, ¶¶ 103, 105).

In light of these allegations, the Court concludes that Plaintiff has failed to state a claim for which he is entitled to relief for the following two reasons.  First, "[a]ttorneys performing their traditional functions will not be considered *state actors* solely on the basis of their positions as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (emphasis added).  The Court finds that the attorneys in this case were performing their traditional functions as zealous advocates.  The attorneys filed motions on behalf of their respective clients and argued those motions before courts of competent jurisdiction.  Therefore, the Court will not consider these attorneys to be state actors.  Consequently, because a violation under § 1983 requires state action, Plaintiff's claims against the Law Firm Defendants fail as a matter of law.  *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

---

[14] The "Law Firm Defendants" is comprised of the following law firms and their respective lawyers: Rupprecht Hart & Weeks LLP, Michael Ricciarduli, Esq., and Karen Ward, Esq.; McCarter & English LLP, David R. Kott, Esq., and Sara F. Merin, Esq.; Winston & Strawn LLP, James S. Richter, Esq., and Melissa Steedle Bogad, Esq.; Drinker Biddle & Reath LLP and Michael C. Zogby, Esq.; Giblin & Giblin and Brian T. Giblin, Esq.; Ahmuty Demers & McManus Esqs. and Samuel M. Goffinet, Esq.; Gebhardt & Kiefer, P.C. and William Rudnik, Esq.

Notwithstanding the Court's first reason, the Court also holds that the Law Firm Defendants are immune from suit under New Jersey's litigation privilege. New Jersey recognizes an "absolute litigation privilege," *Roggio v. McElroy, Deutch, Mulvaney, & Carpenter*, 415 F. App'x 432, 433 (3d Cir. 2011), which "is well-established and broadly applicable." *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009) (internal citation omitted). The litigation privilege "immuniz[es] from liability statements made during the course of judicial, administrative, or legislative proceedings." *Kersey v. Becton Dickinson & Co.*, 433 F. App'x 105, 110 (3d Cir. 2011) (internal citation and quotation marks omitted). "The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of litigation; and (4) that have connection or logical relation to the action." *Ibid.* (internal citation and quotation marks omitted). Furthermore, "[t]he only limitation New Jersey places upon the privilege is that the statements at issue have some relation to the nature of the proceedings." *Rabinowitz v. Wahrenberger*, 406 N.J. Super. 126, 134 (N.J. Super. Ct. App. Div. 2009).

In light of the preceding discussion, the Court finds that Plaintiff's claims are barred by the New Jersey litigation privilege. First, all of the Defendants' communications were made in judicial proceedings. Second, the Defendants are lawyers who are authorized by law to make communications on behalf of their clients. Third, the Defendants' communications were made to achieve the object of litigation—namely, to have claims filed against their respective clients dismissed, and to have those dismissals affirmed. Finally, Defendants' communications had a direct connection to the action pending before the respective courts. Therefore, because each

element is satisfied, the Court concludes that extending the litigation privilege to these Defendants is warranted.

Moreover, this Court notes that "[l]awyers . . . must be free to pursue the best course charted for their clients without the distraction of a vindictive lawsuit looming on the horizon." *Loigman v. Twp. Comm. of the Twp. of Middletown in the Cnty. of Monmouth*, 185 N.J. 566, 587-88 (N.J. 2006).  This Court will "not allow the frightful specter of retributive civil actions against attorneys to paralyze them from exercising mundane trial duties on behalf of their clients."  *Id.* at 589.  Accordingly, Plaintiff's claims are barred, and the Court will dismiss the Law Firm Defendants from this litigation.

## VI.    Motion for Rule 11 Sanctions

Johnson & Johnson, Janssen Pharmaceuticals, Pfizer, Drinker Biddle & Wreath LLP, and Michael C. Zogby, Esq. have moved for Rule 11 sanctions against Plaintiff.  (*See* Docket Entry No. 25, "Defs. Sanction Br.").  Specifically, Defendants seek "an order enjoining Plaintiff from filing complaints and motions against [them] in this Court without obtaining prior leave of Court."  (Defs. Sanction Br. at 1).  Although the Court recognizes Defendants' frustration in litigating this matter, as well as the prior state court litigations, this Court is not willing, at this point in time, to impose the sanction requested by the Defendants.  Accordingly, the Court exercises it discretion and denies Defendants' request for the following reasons.  *See Thomas & Betts Corp. v. Richards Mfg. Co.*, 342 F. App'x 754, 762 (3d Cir. 2009).

First, Plaintiff has ceased filing complaints following the issuance of this Court's opinion in *Hahn v. State of New Jersey*, No. 11-1874, 2012 U.S. Dist. LEXIS 34710 (D.N.J. Mar. 12, 2012).  To that end, Plaintiff has abided by the cautionary warnings set forth by this Court in that

opinion.   Thus, the Court finds that, under the circumstances presented here, dismissal with prejudice is the appropriate sanction.   Second, should Plaintiff choose to file new claims against these Defendants, based upon the same underlying facts, those claims—as well as the accompanying motions to dismiss and motions for sanctions—will be referred to, and addressed by, this Court who is thoroughly familiar with the facts of Plaintiff's litigations.   In closing, the Court again warns Plaintiff that "Courts have uniformly sanctioned litigants who attempt to relitigate issues already decided . . . ."   *Dunleavy v. Gannon*, No. 11-0361, 2012 U.S. Dist. LEXIS 9679, at *18 (D.N.J. Jan. 26, 2012); *see also Lai v. Huilin Wei*, 331 F. App'x 143, 145 (3d Cir. 2009) ("The District Court properly ordered the Clerk not to accept any future filings from Lai without permission from the Court.").

## VII.    Conclusion[15]

"At some point, litigation must come to an end."   *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1042 (9th Cir. 2011).   For the foregoing reasons, today is that day for the Defendants that have moved to dismiss Plaintiff's Complaint as their motions to dismiss are granted.   Defendants' motion for the imposition of Rule 11 sanctions, however, is denied.   An appropriate Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[15] The Court notes that several Defendants neither have interposed an answer nor responded to Plaintiff's Complaint by way of a motion to dismiss and, as a result, are not subject to the rulings made in this Opinion.  These Defendants are: the United States Department of Commerce, the Borough of Tenafly, Patrizia Warhaffigi, John E. Tenhoeve, and Thomas B. Hanrahan.