UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP E. HAHN, | : |
| Plaintiff, | : |
| | : Civil Action 11-6369 (ES) |
| v. | : |
| | : **OPINION** |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | : |
| Defendants. | : |

**SALAS, District Judge**

## I. Introduction

Before the Court is a motion to dismiss Plaintiff Philip E. Hahn's ("Plaintiff" or "Hahn") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. No. 89). The Court has considered the unopposed motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343(a)(3), as well as 42 U.S.C. § 1983. For the reasons set forth below, Defendants Borough of Tenafly ("Tenafly") and Thomas B. Hanrahan's ("Hanhrahan") motion to dismiss is GRANTED.

## II. Background[1]

This matter arises from Plaintiff's temporary psychiatric commitment to the Bergen Regional Medical Center and the litigation that ensued. *Hahn v. U.S. Dep't of Commerce*, No.

---

[1] Because the parties are thoroughly familiar with the facts and procedural history of the case, the Court does not provide a detailed recitation of the facts.

1

11-6369, 2012 WL 3961739, at *1 (D.N.J. Sept. 10, 2012) ("Prior Opinion").[2] The crux of Plaintiff's Complaint, while essentially devoid of factual allegations, is that Plaintiff was denied his legal right to a trial by jury in the state court proceedings.[3] (Compl., D.E. No. 1). This general allegation led to the present motion, wherein the attorney and law firm who filed and argued motions seeking dismissal of Plaintiff's state court complaint and the municipality that oversees the police department that engaged a mental health screening facility, seek dismissal of the federal action. (Defs. Tenafly & Hahnrahan's Br. in Support of Their Motion to Dismiss Pl.'s Compl. 1-4 ("Defs. Br."), D.E. No. 89-1).

This Court now decides Tenafly and Hanrahan's motion to dismiss.

---

[2] This Court previously granted eleven motions to dismiss involving numerous defendants including attorneys, law firms, trial court judges, appellate division judges, and Supreme Court justices, as well as parties that Plaintiff previously sued in state courts. *See Hahn*, 2012 WL 3961739, at *1 & n.1. This Court dismissed Plaintiff's Complaint against the following Defendants: Otsuka America Pharmaceutical, Inc., Winston & Strawn LLP, James S. Richter, Esq., Melissa Steedle Bogad, Esq., McCarter & English, LLP, David R. Kott, Esq., Sara F. Merin, Esq., Drinker Biddle & Reath LLP, Michael C. Zogby, Esq., Johnson & Johnson, Ortho-McNeil-Janssen Pharmaceutical, Inc., Pfizer, Inc., the State of New Jersey, the Supreme Court of New Jersey, the Superior Court of New Jersey Appellate Division, the Superior Court of New Jersey—Bergen Vicinage, the Hon. Stuart Rabner, Chief Justice, the Hon. Victoria Long, Associate Justice, the Hon. Jaynee LaVecchia, Associate Justice, the Hon. Barry T. Albin, Associate Justice, the Hon. John E. Wallace, Jr., former Associate Justice, the Hon. Roberto Rivera-Soto, former Associate Justice, the Hon. Helen E. Hoens, Associate Justice, the Hon. Edwin H. Stern, former Associate Justice, the Hon. Anne M. Patterson, Associate Justice, the Hon. Edith K. Payne, J.A.D., the Hon. Susan L. Reisner, J.A.D., the Hon. Margaret M. Hayden, J.A.D., the Hon. Mark M. Russello, J.S.C., Giblin & Giblin, Brian T. Giblin, Esq., Bristol-Myers Squibb Company, Bergen Regional Medical Center, Gebhardt & Kiefer, P.C., William Rudnik, Esq., Care Plus, Inc., Maksym Lider, Ahmuty Demers & McManus, Esqs., and Samuel M. Goffinet, Esq. (Order, D.E. No. 66).

[3] To remedy the duplicated paragraph numbering in Plaintiff's seventy-one page, single-spaced Complaint, the Court will reference the page number and specific paragraph of Plaintiff's Complaint for citation purposes.

### III. Legal Standards

#### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Symczyk v. Genesis Health Care Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011). In considering a Rule 12(b)(1) motion, "the district court may not presume the truthfulness of plaintiff's allegations, but rather must evaluat[e] for itself the merits of [the] jurisdictional claims." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (internal citation & quotation marks omitted).

#### B. Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally as he is proceeding pro se." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## IV. Analysis[4]

### A. Thomas B. Hanrahan

Hahn seeks relief from Thomas B. Hanrahan Esq. and Thomas B. Hanrahan & Associates ("Hanrahan Defendants"), a lawyer and law firm, who allegedly deprived the Plaintiff of his right to a trial by jury. (Compl. 56-61, ¶¶ 184-215).[5] Thus, the Court must determine whether Plaintiff may utilize § 1983 to sue the firm for allegedly "allow[ing] incompetent attorneys to

---

[4] The Court makes two preliminary determinations. First, Plaintiff has failed to allege any facts to support a claim under 42 U.S.C. § 1985. Although Plaintiff failed to specify under which part of § 1985 he seeks relief, it is clear that the applicable section is 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege

> "(1) a conspiracy; (2) for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; [] (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

*Slater v. Susquehanna Cnty.*, 465 F. App'x 132, 136 (3d Cir. 2012) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)). "As the linchpin for conspiracy is agreement, . . . concerted action, without more, cannot suffice to state a conspiracy claim." *Watson v. Sec'y Pa. Dep't of Corr.*, 436 F. App'x 131, at *16 (3d Cir. 2011). Further, the "second component of the test requires the plaintiff to allege that the conspiracy was motivated by racial, gender, or other class-based discriminatory animus." *Slater*, 465 F. App'x at 136 (citing *Farber v. City of Paterson,* 440 F.3d 131, 135 (3d Cir. 2006)). In this case, Plaintiff neither pleads that the Defendants engaged in a conspiracy, nor does Plaintiff allege that the purported conspiracy was motivated by race, gender, or some other class-based discriminatory animus. *See id.* Thus, Plaintiff has failed to state a claim to relief under 42 U.S.C. § 1985 that is plausible on its face. *Iqbal*, 556 U.S. at 678. Second, because Plaintiff has failed to allege a conspiracy under § 1985, he has failed to state a viable cause of action under 42 U.S.C. § 1986. *See Koorn v. Lacey Twp.*, 78 F. App'x 199, 208 (3d Cir. 2003) ("[T]he Koorns do not have a cognizable § 1985(3) claim. Thus the Koorns' claim that Township officials failed to halt a conspiracy in violation of 42 U.S.C. § 1986 must also fail.").

[5] Because "Thomas B. Hanrahan" appears twice in the Complaint's caption and Plaintiff alleges claims against the employees of Thomas B. Hanrahan, although not specifically against the law firm, this Court will presume that the specific allegations made against Mr. Hanrahan are also made against his law firm Thomas B. Hanrahan & Associates. This Court will also note that Plaintiff's Complaint alleges claims against at least one other attorney associated with the law firm but did not specifically name or serve said attorney(s). (*See, e.g.*, Compl. 56, ¶¶ 185, 187).

argue in the Bergen Superior Court and Appellate Court of New Jersey causing the plaintiff to . . . be denied his right to a trial by jury in the matters of BER-L-3935-09 and A-738-10," (*id.* 56, ¶ 184), as well as the lawyers who, while representing their client, filed motions seeking dismissal of Plaintiff's state-court complaints, argued those motions when requested by the court, deprived Plaintiff of his filing fees for actions, and opposed Plaintiff's appeals, (*see, e.g.*, *id.* 56 ¶ 188; 57 ¶ 189; 59 ¶ 202; 60 ¶¶ 209-10; 61 ¶¶ 212-14).

In light of these allegations, the Court now concludes that Plaintiff has failed to state a claim for which he is entitled to relief for the following two reasons. First, "[a]ttorneys performing their traditional functions will not be considered *state actors* solely on the basis of their positions as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (emphasis added). The Court finds that the Hanrahan Defendants in this case were performing their traditional functions as zealous advocates. The Hanrahan Defendants filed motions on behalf of their client and argued those motions before courts of competent jurisdiction. Therefore, the Court will not consider Hanrahan Defendants to be state actors. Consequently, because a violation under § 1983 requires state action, Plaintiff's claims against the Hanrahan Defendants fail as a matter of law. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Notwithstanding the Court's first reason, the Court also holds that the Hanrahan Defendants are immune from suit under New Jersey's litigation privilege. New Jersey recognizes an "absolute litigation privilege," *Roggio v. McElroy, Deutch, Mulvaney, & Carpenter*, 415 F. App'x 432, 433 (3d Cir. 2011), which "is well-established and broadly applicable." *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009) (internal citation omitted). The litigation privilege "immuniz[es] from liability statements made

during the course of judicial, administrative, or legislative proceedings." *Kersey v. Becton Dickinson & Co.*, 433 F. App'x 105, 110 (3d Cir. 2011) (internal citation & quotation marks omitted). "The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of litigation; and (4) that have connection or logical relation to the action." *Id.* (internal citation & quotation marks omitted). Furthermore, "[t]he only limitation New Jersey places upon the privilege is that the statements at issue have some relation to the nature of the proceedings." *Rabinowitz v. Wahrenberger*, 406 N.J. Super. 126, 134 (N.J. Super. Ct. App. Div. 2009).

In light of the preceding discussion, the Court finds that Plaintiff's claims are barred by the New Jersey litigation privilege. First, all of the Hanrahan Defendants' communications were made in judicial proceedings. Second, the Hanrahan Defendants are lawyers who are authorized by law to make communications on behalf of their client. Third, the Hanrahan Defendants' communications were made to achieve the object of litigation—namely, to have claims filed against their client dismissed, and to have those dismissals affirmed. Finally, Hanrahan Defendants' communications had a direct connection to the action pending before the respective courts. Therefore, because each element is satisfied, the Court concludes that extending the litigation privilege to the Hanrahan Defendants is warranted.

Moreover, this Court notes that "[l]awyers . . . must be free to pursue the best course charted for their clients without the distraction of a vindictive lawsuit looming on the horizon." *Loigman v. Twp. Comm. of Twp. of Middletown*, 185 N.J. 566, 587-88 (N.J. 2006). This Court will "not allow the frightful specter of retributive civil actions against attorneys to paralyze them from exercising mundane trial duties on behalf of their clients." *Id.* at 589. Accordingly,

7

Plaintiff's claims are barred, and the Court will dismiss the Hanrahan Defendants from this litigation with prejudice.

### B. Borough of Tenafly

Plaintiff claims that "the Borough of Tenafly, did become liable via a title 42 U.S.C. 1983 [sic] . . . action when members of the Tenafly Police Department did falsely imprison the plaintiff on March 7, 2008" and by failing to provide proper training to the offending officers of the Tenafly Police Department. (Compl. 31, ¶¶ 6-8).

The Court finds that Plaintiff has failed to allege a viable cause of action under § 1983 for the following reasons. First, the Court finds that the doctrine of *res judicata* bars Plaintiff's claims against Tenafly.[6] "The doctrine of *res judicata* applies to federal civil actions brought

---

[6] Defendants argues that the Court does not have subject-matter jurisdiction in light of the *Rooker-Feldman* doctrine, 28 U.S.C. § 1257, which doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). (Defs. Br. 16-21). This Court is not persuaded by this argument. The Third Circuit has concluded that:

> [T]here are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal citations omitted). When the source of a plaintiff's injury is a defendant's actions, the *Rooker-Feldman* doctrine does not bar federal jurisdiction. *Id.* at 167. Additionally, the *Rooker-Feldman* doctrine does not apply "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). If the claims were previously litigated, as long as the "federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Great W. Mining & Mineral Co.*, 615 F.3d at 167 (internal citation & quotation marks omitted). Here, Plaintiff alleges that

under § 1983, and, in this context, we must afford 'a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Cycle Chem.*, *Inc. v. Jackson*, 465 F. App'x 104, 109 (3d Cir. 2012) (quoting *Jones v. Holvey*, 29 F.3d 828, 829-30 (3d Cir. 1994)). *Res judicata* bars the relitigation of "matters actually determined in an earlier action, [and] to all relevant matters that could have been so determined." *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412 (N.J. 1991). "'If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action.'" *Cycle Chem., Inc.*, 465 F. App'x at 109 (quoting *Watkins*, 124 N.J. at 412). "Under New Jersey law, *res judicata* applies when (1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action." *Id.* (internal citation & quotation marks omitted).

The Court concludes that each element has been satisfied. First, the judgments in the prior actions were valid, final, and on the merits. *See Hahn v. Johnson & Johnson, Inc.*, 2011 WL 4529780 (N.J. Super. App. Div. Oct. 3, 2011). Second, identity of the parties exists because

---

Tenafly falsely imprisoned him and failed to properly train its officers. Therefore, the source of the alleged injuries is Tenafly's actions, not the state court's judgment that dismissed his allegations. *Id.* ("[W]hen the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court."); *see Boykin v. MERS/MERS Corp.*, No. 11-4856, 2012 WL 1964495, at *4 (D.N.J. May 31, 2012) (finding that the second requirement was not satisfied where the plaintiff alleged that defendants "clouded the title to the Property by fabricating mortgage documents"). Given that the second requirement of the *Rooker-Feldman* doctrine is not met and therefore does not bar federal jurisdiction in this matter, the Court now moves to determine whether Plaintiff's claims are barred by *res judicata*.

Hahn and Tenafly were involved in prior litigation.[7] Finally, there can be no question that Plaintiff's federal lawsuit, *i.e.,* the later action, grows out of the same occurrence that led to the Plaintiff's earlier litigations—both litigations involved allegations that the Tenafly Police Department falsely imprisoned the Plaintiff on March 7, 2008. (*Compare* Compl., *Hahn v. Johnson & Johnson*, *Inc.*, No. L-3935-09 ("The Tenafly Police Department did falsely imprison the plaintiff at the Bergen Regional Medical Center on March 7, 2008.") (Ex. A to Cert. of Ruby Kumar-Thompson, Esq. in Support of Defs.' Mot. to Dismiss Pl.'s Compl.), *with* Compl. 31, ¶¶ 6-8 ("the Borough of Tenafly did become liable . . . when members of the Tenafly Police Department did falsely imprison the plaintiff on March 7, 2008), *and Hahn*, 2011 WL 4529780, at *1 ("To summarize, in connection with his temporary psychiatric commitment to the Bergen Regional Medical Center [ ] in March 2008, plaintiff sued . . . the Tenafly [ ] police department[], [who was] involved . . . in telephoning a screening service.").

Plaintiff attempts to utilize § 1983 as a pretextual basis for this Court's jurisdiction. This Court is not so persuaded. Plaintiff is asking this Court to relitigate and decide matters in contravention of firmly-ingrained *res judicata* principles. Plaintiff has been afforded his day in court, during which he presented and argued his claims before a court of competent jurisdiction.

---

[7] Pursuant to New Jersey law, a municipal police department is considered a separate entity from the municipality. *See* N.J.S.A 40A:14-118 (municipal police department is "an executive and enforcement function of municipal government"). As such, "[i]n Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)); *Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 596469 (D.N.J. Feb. 16, 2010) (where plaintiff could not maintain § 1983 claims against the Plainfield Police Department); *Aycox v. City of Elizabeth*, 2009 U.S. Dist. LEXIS 111345, at *7, 2009 WL 4510134 (D.N.J. Dec. 1, 2009) ("Because the Police Department is merely an arm of the Township, Plaintiff's claim against the department cannot stand."). Therefore, the Court finds that the real party in interest in Plaintiff's prior state proceedings was the Borough of Tenafly.

To that end, this Court declines to relitigate matters growing out of the same transaction that formed the basis of Plaintiff's earlier state court litigations.

Second, Plaintiff's claims for false imprisonment against Tenafly are barred by the relevant statute of limitations. It is beyond cavil that claims for false imprisonment are governed by a two-year statute of limitations, which "accrues on the . . . date the false imprisonment ends." *Pitman v. Ottehberg*, No. 10-2538, 2011 WL 6935274, at *12 (D.N.J. Dec. 30, 2011) (citing *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir. 1998) and *Wallace v. Kato*, 549 U.S. 384, 389-92 (2007)); *see also Ross v. Twp. of Woodbridge*, No. 09-1533, 2010 WL 1076275, at *3 (D.N.J. Mar. 23, 2010) ("Plaintiffs' false imprisonment claims . . . [are governed by a] two-year statute of limitations . . . ."). In this case, although Plaintiff alleges that "the Borough of Tenafly did become liable . . . when members of the Tenafly Police Department did falsely imprison [him] on March 7, 2008," Plaintiff's claim for false imprisonment began to accrue on March 17, 2008, *i.e.,* the date his purported self-imprisonment ended. *Hahn*, 2011 WL 4529780, at *2. Thus, Plaintiff was required to file suit by March 17, 2010. Notwithstanding that fact, Plaintiff filed the present suit on October 31, 2011, which falls outside of the requisite two-year statutory period. Consequently, Plaintiff's claim for false imprisonment is time-barred.

Finally, Plaintiff's Complaint fails to comply with the pleading requirements imposed by *Iqbal.* Specifically, Plaintiff's assertions of alleged wrongdoing are conclusory statements, amounting to nothing "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *See Iqbal*, 556 U.S. at 678. Consequently, these "conclusory statements, do not suffice." *See id.*

The Court concludes that Plaintiff does not have a cognizable claim under § 1983. Furthermore, because any amendment would be futile, the Court dismisses Plaintiff's Complaint, as it relates to the Borough of Tenafly, with prejudice.

## V.    Conclusion[8]

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.  An appropriate Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[8] The Court notes that several Defendants neither have interposed an answer nor responded to Plaintiff's Complaint by way of a motion to dismiss and, as a result, are not subject to the rulings made in this Opinion.  These Defendants are: the United States Department of Commerce, Patrizia Warhaffigi, and John E. Tenhoeve.  These Defendants will be dismissed within 30 days for failure to prosecute or to effect service of the summons and complaint within 120 days of the filing of the Complaint, unless Plaintiff establishes that service was effected within said 120 days, by filing proof of service with the Clerk of the Court on or before June 17, 2013.