**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| PHILIP E. HAHN,<br><br>        Plaintiff,<br>v.<br><br>THE UNITED STATES DEPARTMENT<br>OF COMMERCE, et al.,<br><br>        Defendants. | Civil Action No.:<br><br>2:11-CV-06369-ES-SCM<br><br>**OPINION AND ORDER<br>ON PLAINTIFF'S MOTION<br>FOR LEAVE TO AMEND** |

## I.   INTRODUCTION

This matter comes before the Court by way of multiple informal applications by *pro se* plaintiff Philip E. Hahn ("Plaintiff") to amend his Complaint. (*See* Docket Entries ("D.E.") 104, 114, 126, 129, 158, 173 and 178). For the reasons set forth below, Plaintiff's requests for leave to amend his Complaint to add additional parties and claims are **DENIED.**

## II.   BACKGROUND

A detailed background of this matter may be found in the Court's June 17, 2013, Opinion. (D.E. 145). In essence, "[t]his matter arises from Plaintiff's temporary psychiatric commitment to the Bergen Regional Medical Center and the litigation that

ensued." *Id.; see also Hahn v. U.S. Dep't of Commerce,* No. 11-6369, 2012 WL 3961739, at *1 (D.N.J. Sept. 10, 2012).

All defendants named in the original Complaint have been dismissed. (*See* D.E. 66, Sept. 10, 2012 Order (granting 11 motions to Dismiss); D.E. 146, June 17, 2013 Order (granting final motion to dismiss/dismissing remaining defendants)). This Court has granted twelve (12) motions to dismiss various defendants, including law firms, pharmaceutical companies, government agencies and Supreme Court justices.

Meanwhile, Plaintiff has filed several informal applications to amend his Complaint to add additional parties and claims.[1] Some of these applications violated the requirement set out in Local Civil Rule 7.1(f) to include a proposed amended pleading. Most recently, without first obtaining leave from the

---

[1] Plaintiff filed an Amended Complaint on February 22, 2012, without consent of defendants or leave of the Court seeking to add the Hon. John Langan, J.S.C. as a defendant. (*See* D.E. 33). The Court struck that pleading and informed Plaintiff that he must first seek leave of the Court in order to amend his Complaint. (*See* D.E. 36, 37). Plaintiff subsequently sought to amend his Complaint on August 27, 2012, (*see* D.E. 64), and on October 1, 2012, (D.E. 80). The application was ultimately denied by the Hon. Cathy L. Waldor, U.S.M.J. on December 13, 2012. (D.E. 87). On April 25 and again on May 3, 2013, Plaintiff again filed informal applications to amend his Complaint. (D.E. 126, 129). Thereafter, Plaintiff filed submissions seeking to add additional parties and claims. (*See* D.E. 158, 178). The proposed additional parties/claims contained therein are also reflected here.

Court, on July 24, 2013, Plaintiff filed an Amended Complaint.[2] (*See* D.E. 173, Plaintiff's Amended Complaint). It is against this backdrop that this Court addresses Plaintiff's most recent attempt to amend his Complaint.

**III. DISCUSSION**

   **A. Failure to Comply With L. Civ. R. 7.1**

New Jersey Local Civil Rule 7.1(f) states:

> **(f) Motions Regarding Additional Pleadings**
> Upon filing a motion for leave to file an amended complaint or answer, a complaint in intervention or other pleading requiring leave of Court, the moving party shall

---

[2] Plaintiff's Amended Complaint does not comply with L. Civ. R. 7.1(f) because it does not name any of the parties that Plaintiff stated he was seeking leave to add in his informal applications. (*See* D.E. 126, 129). Here, Plaintiff has done nothing more than cherry pick certain pages from his original Complaint and has re-submitted those pages as his "Amended Complaint." A comparison of the original Complaint and this Amended Complaint reveals that: The captions of the two pleadings are identical except for the fact that Plaintiff crossed out the words "Department Of Commerce" which is part of "The United States Department Of Commerce"); the page numbers of the Amended Complaint (handwritten in the top right corner of each page) are non-sequential, highlighting the fact that Plaintiff simply resubmitted selected pages from his original Complaint; the signature page contains the typewritten date of "October 31, 2011," the date upon which Plaintiff filed his original Complaint, (*see* D.E. 1) (Plaintiff handwrote in the date of July 24, 2013); and the language of the Amended Complaint is otherwise identical to the language in the original Complaint. It is worth noting that per Docket Entries 66 and 146, all of the Defendants named in Plaintiff's proposed Amended Complaint, have already been dismissed from this case, thereby rendering Plaintiff's putative Amended Complaint a complete nullity (in additional to being procedurally out of order).

3

> attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled. If leave to file is granted, the moving party shall file the original forthwith.

*Id.* "The purpose of Local Rule 7.1(f) is to give the Court and the parties a chance to evaluate the sufficiency of the proposed pleading." *Folkman v. Roster Fin.*, Nos. 05-2099, 05-2242, 05-2243, 05-2244, 05-2245, 2005 WL 2000169, at *8 n.7 (D.N.J. Aug. 15, 2005); *see also U.F.C.W. Local 56 v. J.D.'s Market*, 240 F.R.D. 149, 150 (D.N.J. 2007) (stating that one of the "cardinal rules" for a party seeking leave to amend a pleading is that a copy of the proposed amended pleading be attached to the motion). Failure to include a proposed amended complaint is a basis to deny a Plaintiff's motion to amend.[3] *See, e.g.*, *Tucker v. Wynne*, No. 08-4390, 2009 WL 2448520, at *2 (D.N.J. Aug. 10, 2009).

Plaintiff did not submit a copy of a proposed amended complaint with any of his applications to amend. That deficiency is an independently sufficient basis to deny Plaintiff's requests for leave to amend. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (holding that even where the

---

[3] For the reasons articulated in footnote No. 2, *supra*, the Court does not view or accept the purported Amended Complaint, filed without leave from this Court on July 24, 2013 (two-plus months after Plaintiff made his informal motion for leave to amend), as a proposed amended complaint as required by Local Civil Rule 7.1(f). *See supra* n.3.

4

district court failed to provide a reason for its denial of plaintiffs' motion to amend the complaint, the court had not abused its power in denying the motion because plaintiffs' "failure to provide a draft Amended Complaint would be an adequate basis on which the court could deny the [plaintiffs'] request").

### B. Substantive Deficiencies

This Court will first consider whether the proposed additional defendants would be properly joined under Rule 20, (*see Waterloov Gutter Prot. Sys. Co. v. Absolute Gutter Prot., L.L.C.*, 64 F. Supp. 2d 398, 407 (D.N.J. 1999)), and then proceed to determine if Plaintiff's proposed amendments are permissible under Rule 15. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (stating, "a court determining whether to grant a motion to amend to join additional [parties] must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a).").

In addition to Plaintiff's failure to submit a proposed pleading with his application(s) for leave to amend, his applications fail to satisfy the substantive requirements for a motion to amend. More specifically, Plaintiff's most recent attempts to add a laundry list of additional parties and

5

additional claims fail for two distinct reasons. First, Plaintiff's attempts to add certain defendants does not comport with Federal Rule of Civil Procedure 20(a), which governs joinder of parties. Secondly, Plaintiff's proposed additional claims are futile.

### 1) Joinder Under Rule 20(a)

Under Rule 20(a)(2):

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 sets forth a two-pronged test for joinder of parties requiring: (1) the assertion of a right to relief against the party to be joined, which is predicated upon or arises out of a single transaction or occurrence or a series of transactions and occurrences; and (2) questions of law or fact common to all parties. *N.J. Mach. Inc. v. Alford Indus., Inc.*, No. 89-1879, 1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991). For joinder to be permissible, both requirements must be fulfilled. *See Mesa Computer Utils., Inc. v. Western Union*, 67 F.R.D. 634, 636 (D. Del. 1975) (holding that franchise agreements negotiated and executed at different

6

times and places nonetheless satisfied the "same transaction or occurrence" test because plaintiffs all alleged a common pattern of fraudulent conduct by defendant). Joinder "promote[s] trial convenience and expedite[s] the final determination of disputes...." *Snodgrass v. Ford Motor Co.*, No. 96-1814, 2002 WL 485688, at *2 (D.N.J. March 28, 2002) (quoting *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 144 (E.D. Pa. 2001)) (citation & quotation marks omitted). Thus, the Court has discretion to permit joinder if joinder comports with the "principles of fundamental fairness." *N.J. Mach.*, 1991 WL 340196, at *1 (citations & quotation marks omitted).

In the instant case, Plaintiff seeks to join multiple individuals and governmental entities as defendants. In assessing the propriety of joining the proposed defendants, the Court will examine each of Plaintiff's applications for leave to amend/add additional parties in turn below.[4]

### a. Plaintiff's 04/25/13 Application (D.E. 126)

Here, Plaintiff seeks to add the following as defendants: The United States; the United States Air Force; the State of New

---

[4] Here, the Court discusses D.E. Nos. 126, 129, 153 and 178. The Court does not explicitly address D.E. Nos. 104 and 114 because both relate to Plaintiff's attempt to add the "United States" as a defendant, which is also incorporated in D.E. 126, discussed herein in section 'a'. Also, because the Court has already discussed the mootness of the Amended Complaint Plaintiff filed under D.E. 173, it is unnecessary for the Court to address this docket entry in this section of the opinion. *See supra*, n.2.

Jersey, Office of the Governor; the New Jersey Air National Guard; Col. Alpo G. Baldi, NJANG; and Lt. David Segal [sic]. Plaintiff's legal argument in support of adding the aforementioned parties is that various defendants conspired to deprive him of his constitutional right to a jury trial. According to Plaintiff, the prospective defendants injected him with vaccines without informing him of alternatives and these vaccinations caused him to react in a manner that resulted in him being admitted to a medical facility.

While Plaintiff's "legal argument" recites that the alleged acts "are transactionally related to the matters being pled via 2:11-cv-6369," logic, reason and most of all Plaintiff's own averments reveal that the alleged actions by the prospective defendants do not satisfy the Rule 20 "single transaction or occurrence or a series of transactions and occurrences" standard. Plaintiff has not proffered any facts that show how these two alleged incidents are factually or temporally related such that they would constitute the same transaction or occurrence or a series of transactions. The current action represents Plaintiff's attempt to seek redress in the district court for his failure to receive a jury trial during various state court proceedings of a case in which he sued various defendants as a result of him being involuntarily committed to Bergen Regional Medical Center in 2008. The fact that the

action presently pending here in this Court seeks redress for the alleged involuntary commitment that was the subject of Plaintiff's state court case does not make the two matters part of the same transaction or occurrence for the purpose of satisfying the requirements for joinder. The two cases are legally distinct, involve completely different allegedly liable parties and necessarily involve completely unrelated factual predicates. As such, Plaintiff's attempt to add defendants who allegedly injected him with the vaccines that precipitated his involuntary commitment is not part of the same transaction (or series of transactions) involving the instant case where he seeks redress for not having received a jury trial.

Consequently, Rule 20(a) is not satisfied because there are no common questions of law and fact that exist between the alleged vaccination by the proposed defendants and the defendants who allegedly deprived Plaintiff of his right to a jury trial. Therefore, joinder of the defendants named in Plaintiff's application is impermissible.

### b. Plaintiff's 5/03/13 Application (D.E. 129)

Here, Plaintiff seeks to add the following defendants: Lt. David Segal [sic], Lt. Steinberg, Paramus Police Department; PO [sic] Kelly, Paramus Police Department, PO Boccher [sic], Paramus Police Department. Plaintiff's legal argument in support

of his motion to add these parties is that Paramus police officers deprived him of liberty without due process of law. (D.E. 129).

Plaintiff's legal argument does not at all address the Rule 20(a) joinder requirements, discussed *infra*, as it is completely devoid of any factual allegations from which the Court could conclude that the alleged conduct of the prospective defendants was transactionally related to the allegations Plaintiff made in the instant action. Therefore, joinder of the proposed defendants is not permissible.

### c. Plaintiff's 7/02/13 Application (D.E. 158)

Plaintiff seeks to add Gerhard Hahn and Dorothy Hahn as defendants to the instant action.[5] In support of his application to add these defendants, Plaintiff application states in relevant part:

> Please accept this letter in lieu of a more formal motion to amend the above referenced complaints to include: 1) Gerhard Hahn; and 2) Dorothy Hahn as they were part of a conspiracy to kill the plaintiff's dog with insulin in May of 2013. As the killing of the dog was intended to intimidate the plaintiff and thereby deter him from seeking his Constitutional rights the plaintiff seek relief via title 42 section 1985 and any other applicable law.

---

[5] Upon information obtained, Gerhard Hahn and Dorothy Hahn are believed to be the Plaintiff's parents.

10

(D.E. 158). The Court does not perceive any transactional relationship between the alleged conspiracy to intimidate the Plaintiff and the alleged conduct that is the subject of the current law suit. Similarly, the Court cannot fathom how there might be any common questions of law or fact with respect to the conduct alleged and the alleged conduct that is the subject of the instant lawsuit. Plaintiff has, therefore, failed to satisfy either prong of the Rule 20(a) test and consequently, joinder is impermissible.

### d. Plaintiff's 7/25/13 Application (D.E. 178)

Plaintiff seeks to add the United States and the "Honorable Mannion" [sic][6] as defendants based on the following statement in this submission:

> **FEDERAL CIVIL RIGHTS ACTION PURSUANT TO TITLE 42 U.S.C. 1983, 1985 AND 1986 & FEDERAL TORT CLAIMS ACT ACTION**
>
> 1. The defendant, Honorable Mannion, did become liable to the plaintiff via a title 42 section 1983, 1885 and 1986 action when the honorable Mannion did deny the plaintiff his right to a trial by jury, inflicted cruel and unusual punishment on the plaintiff and denied him due process of law in the matter of 2:11-cv-1874. [sic]

---

[6] The Honorable Steven C. Mannion, U.S.M.J. has been the Magistrate Judge presiding over the pre-trial matters in this case since December 11, 2012.

(D.E. 178). Plaintiff alleges that Judge Mannion deprived him of a trial by jury in the instant action. This allegation is essentially the same allegation made against numerous other parties; however, this allegation against Judge Mannion, in addition to being entirely factually unsupported, is not transactionally related to the instant action. Concomitantly, there are no common questions of law or fact with respect to the instant action and the allegations that Plaintiff now makes against Judge Mannion. As such, Plaintiff has failed to satisfy Rule 20(a)'s requirements for joinder.

**2) Futility of Plaintiff's Proposed Additional Claims**

A liberal construction of Plaintiff's informal applications to amend indicates that in addition to seeking to add numerous parties, he also seeks to add four additional claims:

> i. **Proposed Additional Claim:** "The above referenced parties are liable… because they injected him (Plaintiff) with vaccines while acting under color of state regulation without informing the plaintiff of the alternative of non-vaccination. The vaccines in turn made him (Plaintiff) agitated and led to him being admitted to the Bergen Regional Medical Center in 2008." (D.E. 126 at 3).
>
> ii. **Proposed Additional Claim:** "The above referenced parties are liable to the plaintiff because they deprived the plaintiff of his liberty without due process of law under the color of being Paramus Police Officers." (D.E. 129 at 3).

12

      **iii. Proposed Additional Claim**: (Gerhard Hahn and Dorothy Hahn) "were part of a conspiracy to kill the plaintiff's dog with insulin in May of 2013." (D.E. 158).

      **iv. Proposed Additional Claim**: CIVIL RIGHTS COMPLAINT [sic] "…Philip E. Hahn, a United States citizen, appearing pro se. Mr. Hahn brings this complaint for violation of his individual and associational rights under the Fifth, Seventh, Eights and Fourteenth Amendment to the United States Constitution in violation of title 42 U.S.C. 1983, title 42 U.S.C. 1985 and title 42 U.S.C. 1986." (D.E. 178 at 3).

**A. Legal Standard For Futility**

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck*, 133 F.R.D. 462, 468 (D.N.J. 1990) (internal citations & quotations marks omitted). In determining whether an amendment is "insufficient on its face," the Court employs the same standard that is applied to a Rule 12(b)(6) dismissal motion. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Under a Rule 12(b)(6) analysis, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, but "a [pleader's] obligation to provide the grounds of

13

his entitlement to relief requires more than labels[,] . . . conclusions, and a formulaic recitation of the elements of a cause of action" and demands that the "[f]actual allegations ... be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)."  *Id*. at 555 (quotation marks omitted).

A two-part analysis determines whether this standard is met.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (interpreting *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).  First, a court separates the factual and legal elements of a claim.  *Fowler*, 578 F.3d at 210.  All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard any legal conclusions.  *Id*. at 210; *Iqbal*, 556 U.S. at 667 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement") (internal quotations marks & alterations omitted).

Second, a court must determine whether a plaintiff's complaint articulates "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *accord Fowler*, 578 F.3d at 211.  As the Supreme Court instructed

14

in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 667. Although this is not a "probability requirement," the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct" to make a showing of entitlement to relief. *Id*. at 1949-50 (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

**B. Futility of Plaintiff's Proposed Claims**

Even under the most liberal construction of Plaintiff's proposed additional claims, they are legally insufficient as pled. In addition to seeking to add numerous parties who were in no way associated with the alleged conduct that resulted in Plaintiff being deprived of a right to a jury trial (the subject of the instant action), the claims Plaintiff seeks to add are devoid of facts from which the Court could reasonably conclude that the putative defendants could possibly be liable to Plaintiff. Plaintiff's allegations are nothing more than broad,

sweeping generalized allegations against all proposed defendants combined with recitations of legal conclusions.

Plaintiff has been afforded ample time and multiple opportunities to properly present a motion for leave to amend but he has repeatedly ignored or neglected to follow the required procedural rules. In doing so Plaintiff has also failed to meet the basic substantive legal requirements as articulated herein.

**IV. CONCLUSION**

This matter, having come before via multiple informal applications by Plaintiff to amend his complaint; and the Court having considered same; and for good cause shown,

IT IS ON THIS 26th day of August, 2013:

**ORDERED** that Plaintiff's applications to amend his complaint are hereby **DENIED with prejudice**; and it is further

**ORDERED** that Plaintiff shall not file any further informal applications or motions to amend his complaint without prior approval from the Court. Failure to abide by this Order may result in sanctions; and it is further

**ORDERED** that because Plaintiff has also failed to prosecute or effect service of the summons and complaint within 120 days of the filing of the Complaint, (*see* D.E. 145 at 12), all claims against Defendants United States Department of Commerce,

16

Patrizia Warhaffigi, and John E. Tenhoeve are dismissed; and it is further

**ORDERED** that Plaintiff's August 1, 2013 motions for trial, (D.E. 181 & 184), are moot since all claims are now dismissed; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

*s/ Esther Salas*  
Esther Salas, U.S.D.J.